In the Matter of the Application of Samuel Cohen, Petitioner, for an Order Directing Arbitration as Provided in a Written Contract Entered into between Petitioner, 2243 Washington Avenue Corporation and Louis Michel, Respondent.

Supreme Court, Special Term, Bronx County, December 21, 1944.

*Louis C. Paley* for petitioner.

*Abraham Wilson* for respondent.

McLAUGHLIN, J. This is a motion which seeks to restrain and stay the respondent from taking any action with respect to the corporation except to proceed with the arbitration heretofore agreed upon by the parties through the medium of a written contract. These parties own and control equally all of the stock of the corporation, whether issued or unissued. They apparently cannot agree and the respondent has now commenced a proceeding for the voluntary dissolution of the corporation pursuant to the provisions of section 103 of the General Corporation Law. The apparent purpose of the stay now sought is to enjoin the respondent from proceeding with the dissolution.

It is quite clear that the provisions of this contract as to arbitration may not be used to prevent the dissolution of the corporation where the interests of the parties are equally divided. The clause in the contract carries with it the idea that the corporation will continue in existence. The language used is plain. It says: " All disputes and controversies that may arise between the parties with respect to the conduct of the business may be settled by arbitration, and that decision of the arbitrators shall be binding and conclusive." It does not bind the corporation or its stockholders from seeking a legal dissolution. The disputes between these parties in the conduct of the business may be decided by arbitration, but arbitration cannot compel a stockholder holding 50% of the stock to desist from seeking its dissolution. No stockholder is required to continue in a state of constant legal warfare with the remaining 50% interest. The motion if granted would mean that there should be an arbitration plus the appointment of an umpire by the Supreme Court to dispose of the constantly recurring and different disputes which seem to be the accepted condition of things by the parties interested in this corporation.

There seems to be no legal ground for this motion to stay the action brought to dissolve the corporation, and the motion is accordingly denied.