■ RUTH GOLDSTEIN, Respondent, v. SAM GOLDSTEIN, Appellant.— Order denying appellant's motion, pursuant to section 1172-a of the Civil Practice Act, to modify a final judgment of divorce by reducing the amount of the alimony awarded, affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ., concur.

■ SYLVIA C. HOROWITZ, as Executrix of BENJAMIN HOROWITZ, Deceased, et al., Appellants, v. TOWN BOARD OF TOWN OF SMITHTOWN et al., Respondents.— In an action for a declaratory judgment, the appeal is from a judgment entered June 1, 1955, upon the decision of an Official Referee, as resettled by an order dated July 8, 1955, insofar as said judgment (1) declares that the action of the respondent town board (under Town Law, § 265) in voting upon the application of appellants' predecessor to amend the local zoning ordinance was not arbitrary, capricious, or illegal, and (2) declares that the zoning ordinance passed upon by said town board on December 13, 1949 is not arbitrary or unconstitutional. Judgment as resettled, insofar as appeal is taken, unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ.

■ In the Matter of the Dissolution of FULTON-WASHINGTON CORP. BENJAMIN BURKIN et al., Respondents; JOSEPH KATZ, Appellant. In the Matter of the Dissolution of 307 FULTON AVE. CORP. BENJAMIN BURKIN et al., Respondents; JOSEPH KATZ, Appellant.— In each of two separate proceedings for the dissolution of respective corporations, the appeal is from an order insofar as it requires all persons interested in the corporation to show cause before an official referee why the corporation should not be dissolved and denies appellant's cross motion for a stay pending arbitration. Orders, insofar as appealed from, affirmed, with one bill of $10 costs and disbursements. In our opinion the papers submitted sufficiently indicate on their face that there is a deadlock in the management of each corporation's affairs, within the purview of section 103 of the General Corporation Law and that dissolution would be noninjurious to the public and beneficial to the shareholders. The record therefore warrants the exercise of the Special Term's discretion in requiring interested persons to show cause as provided in section 106 of the General Corporation Law. (Cf. *Matter of Radom & Neidorff*, 307 N. Y. 1; *Matter of Seamerlin Operating Co.* [*Searing-Merlino*], 307 N. Y. 407.) Whether a proper case for dissolution is established should await development of all the facts at the hearing required to be held under section 113 of the General Corporation Law. The cross motion for a stay under section 1451 of the Civil Practice Act was properly denied. (*Matter of Cohen* [*Michel*], 183 Misc. 1034, affd. 269 App. Div. 663, motion for leave to appeal denied 294 N. Y. 639.) Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ., concur. [3 Misc 2d 277.]