Henry Epstein, J.
This is a petition to confirm the award of arbitrators and direct judgment thereon. Respondent cross-moves to vacate the award. The petitioners and respondent entered into a contract for the construction by respondent of a *797 department store in Levittown, Long Island. The original agreement was between Grayson-Robinson and Iris Construction. Grayson-Robinson subsequently assigned the agreement to S. Klein Department Stores, Inc. The several amendments made to the agreement are not essential to the issue before the court.
The agreement expressly provides that any disputes arising under the contract are to be submitted to arbitration. The arbitrators are authorized to grant any just or equitable relief including specific performance (Commercial Arbitration Rules of American Arbitration Association, rule VIII, § 42). Arbitrators were here selected to whose qualifications no exception was taken. Extensive hearings were held; both parties were afforded and did take the opportunity of presenting their respective evidence and arguments. Alleged impossibility of performance, due to the tight mortgage money market, was the crux of the controversy.
Sections 1462 and 1462-a of the Civil Practice Act provide the categories of cases in which an award may be corrected, modified or vacated. None of those therein specified cover this award or dispute. The court may regard sympathetically the financial squeeze in which respondent found itself. This does not, however, warrant the court in rewriting the agreement of the parties. They were experienced business men in an enterprise well known to themselves. Where arbitrators in such a situation have acted fairly within the powers so conferred npon them, the court will not interfere with their award, absent the grounds specified in section 1462 of the Civil Practice Act. (Matter of Goff & Sons [Rheinauer], 199 App. Div. 617; Matter of Burke, 191 N. Y. 437-439; Matter of General Dry Cleaners, 75 N. Y. S. 2d 615-621; 33 Harv. L. Rev. 432; Queens Plaza Amusements v. Queens Bridge Realty Corp., 265 App. Div. 1057; Matter of Freydberg Bros. v. Corey, 177 Misc. 560, affd. 263 App. Div. 805.)
In the last-named case (Matter of Freydberg Bros.) the Appellate Division (1st Dept.) affirmed a determination below expressly holding that specific performance might be awarded in an arbitration. That was the issue herein expressly submitted and decided by the arbitrators. The courts should be reluctant to intervene in such a situation, solely on the basis of the fiscal difficulty encountered by respondent. There is an added makeweight in this case. Section 1463 of the Civil Practice Act specifies a three-month period for motions addressed to an award. The award herein was delivered on March 4, 1957. On June 6,1957, a copy was filed in the County Clerk’s office. Only *798 when petitioners moved for confirmation of the award on or about June 14,1957, did respondent then move, July 17,1957, to vacate the award. The cross motion is denied and the motion is granted to confirm the arbitrators’ award.
Settle order.