Samuel M. Gold, J.
These are motions to confirm and to vacate an award of arbitrators directing respondent corporation to restore petitioner ' ‘ as manager in charge of production and engineering in accordance with the terms of the employment agreement dated November 1, 1954”. The contract between the parties, expiring December 31,1965, provides: “If Staklinski [petitioner], for a period of three (3) months, has been unable to substantially attend to his duties and the affairs of the company, the Board of Directors shall meet, at the expiration of such period, to determine whether the disability is permanent *708 or temporary. If the Board of Directors in their discretion shall determine that Staklinski is permanently disabled, "then the provision for payments previously set forth shall become effective; and the Company shall no longer be hable hereunder except in so far as making the payments hereinbefore provided is concerned.”
The payments referred to are less than the compensation provided for in the agreement and expire in three years.
On June 27,1956, the board of directors found that petitioner was permanently disabled and terminated his employment, granting him the permanent disability payments previously mentioned. Pursuant to a provision of the contract that “ any controversy or claim arising out of or relating to this agreement, or the breach thereof, shall be settled by arbitration in accordance with the rules then obtaining of the American Arbitration Association” petitioner demanded arbitration. The relief he sought was a declaration that the action of the directors was null and void, and that his contract continued as if the directors had not taken the action they did.
The award made by the majority of the arbitrators upheld petitioner’s contention that he was not permanently disabled and that the action of the board of directors was an abuse of discretion. Petitioner was, accordingly, ordered reinstated to this position.
Respondent’s first contention, in support of its cross motion to vacate, is that the contract, by providing that the determination of whether the petitioner was permanently disabled was to rest in the “discretion” of the board of directors, made the directors the sole judges of the issue of disability and that their action was not subject to review by the arbitrators. It is unnecessary, however, to determine whether or not the directors ’ " discretion ’ ’ could be reviewed by the arbitrators, for the provision authorizing the directors ‘ ‘ in their discretion ’ ’, to determine that petitioner was permanently disabled is expressly conditioned upon petitioner having been ‘ ‘ unable to substantially attend to his duties and the affairs of the company ’ ’ during the three months immediately preceding the directors’ determination of permanent disability. The majority of the arbitrators have found that petitioner was, “during all" the periods in question, able to substantially attend to his duties and the affairs of the respondent company”. Although petitioner had obtained a six months’ leave of absence on January 13,1956, the testimony before the arbitrators permitted a finding that the leave of absence was for reasons other than petitioner’s health and that his reference to his health in claimant’s Exhibit *709 No. 4 was requested by the company to conceal the true reason of the leave of absence from stockholders, creditors and customers— the true reason being policy differences between peti-j' tioner and respondent’s present president. As the arbitrators! have found, on evidence which could authorize such a finding, that petitioner was substantially able to attend to his duties during the period preceding the directors’ determination that he was permanently disabled, the condition precedent to the exercise of their ‘' discretion ’ ’ by the directors must be deemed not to have been fulfilled. It follows that the question of whether or not petitioner was permanently disabled was one which the arbitrators had the power to determine and that the reference to the directors’ “ discretion ” must be disregarded. The arbitrators’ finding that petitioner was not permanently disabled and that he was improperly removed from his position is conclusive upon the court, it being well settled that the court may not substitute its judgment for that of arbitrators.
Respondent’s second point is that the arbitrators exceeded their powers by granting specific performance and compelling respondent to restore petitioner to his position. It points out that courts of equity would not grant specific performance of an employment contract because damages would constitute an' adequate remedy. It also states that the contract contains ‘ ‘ not a word * * * authorizing the arbitrators to award relief in the nature of an order for specific performance ”. Assuming that a contractual provision authorizing an award of specific performance is necessary there is such a provision in the contract here involved, for the contract provides for arbitration ‘ ‘ in accordance with the rules * * * of the American Arbitration Association ” and those rules (rule VIII, § 42) declare that the arbitrator ‘' may grant any remedy or relief which he deems just and equitable * * * including * * * specific performance of a contract.” The fact that our courts, were petitioner the plaintiff in an action, would not grant specific performance does not necessarily deprive arbitrators of the right to grant such relief, especially where the parties have expressly agreed that they might do so. In Matter of Ruppert (Egelhofer) (3 N Y 2d 576, 581) the Court of Appeals, in holding that an award in arbitration which granted injunctive relief, should be confirmed said: ‘ ‘ True, we find no decision in this court confirming an arbitration award containing an injunction but we have upheld awards which commanded employers to rehire or retain employees — that is, mandatory injunctions (Matter of Devery [Daniels & Kennedy, Inc.], 292 N. Y. 596; Matter of United Culinary Bar & Grill Employees [Schiffman], 299 N. Y. 577). *710 The whole question is as to the intent of the parties.” (Italics supplied.)
In the Ruppert case (supra) the award was upheld notwithstanding the fact that had the application for an injunction been made in court litigation, instead of in arbitration, the court would have been forbidden to grant it because of the failure to comply with the provisions of section 876-a of the Civil Practice Act. The Court of Appeals justified this conclusion by pointing out that it was based upon the agreement of the parties to the contract containing the arbitration clause: ‘' But, once we have held that this particular employer-union agreement not only did not forbid but contemplated the inclusion of an injunction in such an award, no ground remains for invalidating this injuncition * * * arbitration is voluntary and there is no reason i why unions and employees should deny such powers to the i special tribunals they themselves create.” (Pp. 581-582.)
By agreeing that the arbitrators could award specific performance, respondent authorized the arbitrators to do what courts could not do were the same question presented to them. Respondent relies heavily upon Matter of Publishers’ Assn. (280 App. Div. 500) where the court refused to permit arbitrators to award money penalties although the contract expressly authorized them to do so. That decision, however, antedated Matter of Ruppert (supra) decided by our highest court. Moreover, the case did not relate to reinstatement of an employee, which the Court of Appeals has on two occasions permitted arbitrators to direct, despite the fact that courts would not do so in litigation before them. The Appellate Division apparently felt that as a matter of public policy arbitrators should not be permitted to grant the drastic remedy of awarding penalties which, in their very nature, cannot be measured or limited by objective standards and which could, therefore, be of such magnitude as to create great consequences (p. 503): “There could be returned against either party an award for punitive damages in any amount — that could be stated in millions as well as thousands of dollars.”
Cases involving a violation of public policy, such as arbitration of the custody of children, usury, violation of the Penal Law, etc., are not apposite here. Respondent argues that Matter of Devery (292 N. Y. 596, supra) and Matter of United Culinary Bar & Grill Employees (299 Ñ. Y. 577, supra) involved the reinstatement of minor employees, whereas the instant case per- a tains to compulsory reinstatement of an important key employee \\ of a public corporation. Under the rationale of Matter of *711 Ruppert (supra), that the agreement of the parties is controlling as to the extent of arbitrators’ powers, this distinction is/ immaterial. It is true that it does not seem desirable that a company, especially a publicly owned corporation, should be compelled, instead of paying damages, to restore a person to an important managerial position for the balance of a long-term contract, despite the judgment of its board of directors that he is permanently disabled. The reasoning of Matter of Ruppert (supra) appears, however, to require this undesirable result and the reinstatement cases therein cited are additional authority in the same direction.
Respondent’s next point is that the arbitrators’ award represents interference with the internal affairs of a foreign corporation. Assuming that it does, the doctrine that courts will not in litigation take jurisdiction of matters involving the regulation and management of the internal affairs of foreign corporations, or where the decree may not be enforced in the State where it is sought, does not necessarily apply to arbitrations, which proceed by agreement of the parties. Respondent agreed to arbitrate pursuant to the rules of the American Arbitration Association. Those rules (rule III, § 10) provide that if the locale of the arbitration is not designated in the contract or submission, or agreed upon by the parties, ‘ ‘ the administrator shall have power to determine the locality and its decision shall be final and binding.” Respondent thus voluntarily permitted the fixing of New York as the place of arbitration. The courts of this State have jurisdiction where an arbitration is held here (Civ. Prac. Act, § 1459). A decree of this court would not necessarily be futile, for service thereof may possibly be made on an appropriate officer of respondent if found in this State.
Respondent’s final point is that the arbitrators refused to hear pertinent and material evidence. The refusal to permit a lay witness to testify that petitioner appeared intoxicated, even if it be assumed to have been erroneous, was clearly not prejudicial. It could not have changed the finding that during the period of three months prior to June 27, 1956 (while petitioner was on a leave of absence) he was able to substantially perform his duties, nor could it have led to a finding that he was permanently disabled on June 27,1956. The proposed testimony regarding petitioner’s brush with the law on one occasion was properly excluded, since there was no conviction and, in addition, the proposed testimony had no probative value on the issue as to petitioner’s condition during the three months preceding June 27,1956, or the issue as to his condition on that date. *712 The other exclusion complained of, even if it be assumed to be erroneous, was likewise not prejudicial enough to require setting aside of the award.
Respondent’s brief contains a statement that an agreement to arbitrate may not divest directors of their power to remove officers and key employees where the corporation’s welfare so requires. The arbitrators have found that the corporate welfare does not require petitioner’s removal for a disability which, in their opinion, did not exist. At any rate, the principle that directors are the legal managers of corporations does not prevent arbitration of an employee’s claim of breach of contract. In Matter of Burkin (Katz) (286 App. Div. 740, 744), the Appellate Division cited Matter of Landersman (280 App. Div. 963) as holding: “ that an arbitration agreement would be enforced to resolve the question whether a corporation officer and director had been properly removed.”
The motion to confirm is granted and the cross motion to vacate denied.