Arthur D. Brehhah, J.
The petitioners herein, Robert Astey and Frank Pirrone, move, pursuant to section 1462 of the Civil Practice Act, to vacate the arbitrators’ award on the ground that said arbitrators exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matters submitted was not made. In addition, said petitioners also move, in the alternative and pursuant to section 1462-a of the Civil Practice Act, to modify or correct the aforesaid award on the ground that said arbitrators made an award upon matters not submitted to them and not affecting the merits of the decision on the matters submitted; this latter relief is also sought on the ground that there was an evident miscalculation of figures.
The opposing parties, Stanley Smith and Peter Pirrone, have cross-moved, pursuant to section 1461 of the Civil Practice Act, to confirm the said award.
Under the agreement entered into on July 10, 1957 by all of the parties hereto, said parties agreed to submit to arbitration: (1) any dispute which concerned or was based upon the said agreement of July 10, 1957; (2) any dispute concerning the sale of stock owned by said parties; and (3) any other difference or differences which might arise between the parties in the operation of the business of the corporation in which said parties owned all of the outstanding stock. It is clear that by and under items of relief Nos. 4, 6, 7 and 10 set forth in the petitioners ’ demand for arbitration and also by and under items of relief Nos. 2(a), 2(b), 2(c) and 3 of the cross movants’ counter demand for arbitration, numerous serious disputes and differences had arisen between the parties in relation to the operation of the business of the corporation and all of said matters were submitted to the arbitrators for determination. Implicit in the arbitrators’ award is the finding and conclusion that the petitioners’ claim for a rescission of the transaction of *1061 July 10, 1957 based upon alleged fraud and misrepresentation was disallowed and dismissed, for the award concerns itself with and disposes only of the alternate items of relief which the petitioners ’ sought before the arbitrators in the event that their said claim for rescission be disallowed. So, too, it is clear from a reading of the above-numbered claims and counterclaims and from a reading of the award that the association between the two respective groups (consisting of the petitioners herein on the one hand, and the cross movants on the other) had produced a situation of friction, discord and dissension which, if continued, would have had an extremely adverse effect upon the proper and satisfactory conduct of the business of the corporation, with the result that in the opinion of the arbitrators, said two groups should be disassociated from each other in their connection and interest with and in the said corporation and its business. The arbitrators had before them the books and statements relying to the corporation’s financial worth and activities and based upon the same, the arbitrators concluded that each share of outstanding stock had a value of $70. Among other things, the award contains a feasible plan whereby the cross movants were given the option to buy out the stock interests of the petitioners at the rate of $70 per share; that if within a certain specified period the cross movants failed to exercise said option, the petitioners should then have the option to buy out the stock interests of the cross movants at the same rate; and further, that if neither side exercised the respective option granted to it, as aforesaid, the cross movants should then be obligated to purchase the petitioners ’ stock interests at the said rate of $70 per share.
In this court’s view the contentions advanced by the petitioners herein in support of the motion to vacate the arbitrators’ award or, in the alternative, to modify or correct the same, may not be sustained. The award relates to and is based upon matters properly submitted to the arbitrators pursuant to paragraph 11 of the agreement of July 10, 1957 and the afore-mentioned demand and counter-demand for arbitration. The award as made was mutual, final and definite on the matters submitted. Nor have the petitioners established an “ evident miscalculation of figures ” within the meaning of section 1462-a of the Civil Practice Act. With respect to the claim that in making the subject award the arbitrators exceeded their powers, it should be noted that paragraph 11 of the agreement of July 10, 1957 provides and requires that the arbitrators shall adjudicate the disputes and differences under the rules and regulations of the *1062 American Arbitration Society. Under section 42 of rule VIII of said rules, the arbitrators are authorized to grant any remedy or relief which they deem just and equitable. Furthermore, it has been held that where, as here, the arbitration clause is sufficiently broad, equitable relief is proper and may be granted by the arbitrators even though such relief would not be proper if the controversies between the parties were being determined by a court rather than by arbitrators. (Matter of Freydberg Bros. v. Corey, 177 Misc. 560, affd. 263 App. Div. 805; Matter of De Caro [D’Angelo], 261 App. Div. 975; Matter of Grayson-Robinson Stores [Iris Constr. Corp.], 9 Misc 2d 796; Matter of Staklinski [Pyramid Elec. Co.], 10 Misc 2d 706.) And where the arbitrators have acted within their powers in making their award, such award is binding upon the parties and upon the courts alike, as to both facts and law. (Matter of De Caro [D’Angelo], supra.)
Accordingly, the petitioners’ motion is denied-in all respects and the cross motion to confirm the award, is granted.
Settle order on notice.