Abraham N. Geller, J.
This is a motion to strike the answer in a declaratory judgment proceeding brought by a limited partnership on the ground that respondent Ross, a limited *86 partner, has answered in a representative capacity purportedly contrary to the law as recently laid down in Millard v. Newmark & Co. (24 A D 2d 333), and for vacatur of the order dated July 1, 1965 denying the partnership’s motion to stay the arbitration demanded by Boss and granting his cross motion to stay its declaratory judgment proceeding. This motion actually is one for reconsideration on the basis of the claimed applicability of the subsequent Millard decision, holding that limited partners may not maintain a derivative action on behalf of the partnership against the general partners for wrongdoing.
Following the prior decision herein the partnership sent to each of the partners a notice stating that “ all questions relating to the partnership, including the allocation of the proceeds of our mortgage, will be submitted to the American Arbitration Association.” It thereafter participated in the proceedings for selection of arbitrators conducted by the association and its moving papers state that three arbitrators have been agreed upon but that no hearings have as yet been held.
This motion must be denied on substantive as well as procedural grounds.
This limited partnership, consisting of 9 general partners, 16 subordinate limited partners and about 600 .senior limited partners, sold its sole asset, the Hotel Gotham, resulting in what is conceded to be the termination and automatic dissolution of the partnership. A question has arisen with .respect to the rights of the several categories of partners in the distribution of the interest and amortization paid monthly on account of the purchase-money mortgage of $3,500,000 received on the sale of the property.
There can be no doubt that this question is embraced in the broad arbitration clause in the partnership agreement covering any dispute including but not limited to the dissolution of the partnership.” The arbitration clause expressly provides that any award “ shall be final and binding on each and all of the partners. ’ ’
The demand for arbitration of Boss on behalf of himself and the other senior limited partners is not directed against the partnership but against the general and subordinate limited partners, who are named as the adverse parties. It is not asserted in a derivative capacity in behalf of the partnership but solely in a representative capacity for the large group of senior limited partners as against the other two groups of partners. Through the device of a court proceeding for a stay of the arbitration and for a judicial declaration of the rights of the partners in the payments being received, the partnership *87 has assumed the position of an adverse party as if its interests as an entity were involved.
In any event, all the partners agreed to submit their disputes to arbitration and to be bound by the award. The declaratory judgment proceeding brought by the partnership would nullify that agreement. In Millard (24 A D 2d 333, 336) the court did state: “In brief, a limited partner has such rights and only such rights as the law and his contract afford On any view of the matter a limited partner clearly has the right to enforce an arbitration clause provided in the partnership agreement.
In Matter of Rabinor (Pashman) (23 A D 2d 741) cited in the earlier opinion in this case, involving a similar arbitration clause in a limited partnership agreement, the court pointed out that the question of notice to the absent partners affording them the opportunity to be heard was a matter which there was no' reason to believe the arbitrator would overlook, and if after award court protection were needed, it might then be sought. There is nothing in Millard, dealing with a derivative action brought by a limited partner, and decided by the same Appellate Division, to indicate that the Babinor determination, dealing with arbitration of a limited partnership dispute, was intended to be in any wise overturned. Babinor — as well as the prior order herein — is entirely reconcilable with and distinguishable from Millard.
To sustain the partnership’s contention, it would be necessary to interpret the arbitration clause as requiring all of the senior limited partners to join in a demand for arbitration. The plain intent and practical meaning of the provision binding “ each and all of the partners ” is that an arbitration properly invoked by any partner involving a question of common interest shall be binding on all, with due notice of the proceedings presumably to be given to all the partners to afford them the opportunity to be heard.
This motion is also not maintainable on procedural grounds. A party who participates in the selection of an arbitrator waives the right to put in issue the question of nonarbitrability (Matter of National Cash Register Co. [Wilson], 8 N Y 2d 377, 382-383). In Matter of A. R. La Mura, Inc. (Rochelle Arms Apts.) (281 App. Div. 683) notice of appeal from an order compelling arbitration was filed within the statutory period but after appellant had participated in the selection of the arbitrator. The court dismissed the appeal, stating: ‘When appellant named an arbitrator pursuant to the provisions of the order compelling arbitration, without reserving any right to question the propriety thereof, he waived his right to object to the order.” *88 Here, following the order of the court, petitioner participated in the selection of the three arbitrators and took no appeal. Its right to object to the order in the form of requesting vacatur must be deemed waived. Moreover, in the absence of an appeal, the order became the law of the case as between the parties and not open to review at a future date, whether on the ground of alleged error or of a change in the law.
The alternative relief suggested in the briefs, that the prior order be modified to permit Boss to arbitrate solely on his own behalf, would result in a wholly impractical and, indeed, ineffective award. The sole question to be determined, notwithstanding the generalized language of the demand for arbitration, is clearly set forth in the papers and briefs submitted on these motions by Boss as the right and interest of the senior limited partners in the distribution of the payments being received on the mortgage. Submission of such an issue involving a common interest of many persons in the distribution of a fund shared by them can be permitted only if the resulting award would be effective as to all of them. This is truly a question of common or general interest, as to which the interests of each and every senior limited partner are identical so as to authorize a single common action (cf. Millard, 24 A D 2d 333, 338, supra). It is particularly apropos as to such a question that the partnership agreement explicitly provides that an award shall be binding on each and all of the partners. As indicated in Babinor (supra), protection of the rights of the other senior limited partners, with respect to notice and opportunity to be heard, is a matter to be left initially to the arbitrators with review, if needed for that purpose, by the courts. The motion is accordingly denied.