■ In the Matter of SAM MOSKOWITZ et al., Respondents, v. SURREY SLEEP PRODUCTS, INC., et al., Appellants. — In this proceeding to dissolve a corporation, in which the corporation and one set of 50% stockholders therein, Sol Kitain and Esther Kitain, moved to compel arbitration and for

a stay of the proceeding; and petitioners, the other set of 50% stockholders, moved for appointment of a receiver and for a stay, the corporation and said Kitains appeal from an order of the Supreme Court, Queens County, dated April 25, 1968, which (1) denied their motion, (2) granted petitioners' motion and (3) granted the petition for dissolution to the extent of appointing a referee to hear evidence and determine whether the corporation should be dissolved and certain related issues. Order reversed, on the law and the facts; without costs; petitioners' motion denied; appellants' motion granted; and proceeding for dissolution stayed and arbitration directed; all without prejudice to the rights of the proper official in the bankruptcy proceeding as to the corporation to take such action as may be appropriate in the premises. In our opinion, the broad compass of the stockholders' agreement wherein and whereby " [a]ny controversy or claim arising out of or relating to this contract or the breach thereof" was made arbitrable rendered subject to arbitration the issues on which it is claimed there is a deadlock of the five signing stockholders, four of whom are members of the board of directors, even though such issues might otherwise be the predicate of a claim for dissolution under section 1104 of the Business Corporation Law (*Matter of Carl* [*Weissman*], 263 App. Div. 887 [Second Dept.]; *Matter of Zybert* [*Dab*], 276 App. Div. 1070 [First Dept.], affd. 301 N. Y. 632; *Matter of Myers* [*Leibel*], 279 App. Div. 984, rearg. den. 279 App. Div. 1065 [First Dept.], affd. 304 N. Y. 656; *Matter of Astey* [*Smith*], 19 Misc 2d 1059; *Siegel* v. *Ribak*, 43 Misc 2d 7). Accordingly, appellants' motion to compel arbitration should have been granted and the proceeding for dissolution should at least have been stayed pending such arbitration (*Matter of Myers* [*Leibel*], *supra*). The cases cited by the learned Special Term are not applicable. In the First Department it appears that the later cases, hereinabove cited, have at least failed to follow *Matter of Cohen (Michel)* (183 Misc. 1034, affd. 269 App. Div. 663 [cited by Special Term]). Likewise in *Matter of Gail Kiddie Clothes,* (56 N. Y. S. 2d 117 [cited by Special Term]), the opinion refused to follow *Matter of Cohen (Michel)* (*supra*) and followed *Matter of Carl (Weissman)* (*supra*). In view of the arbitrability of the issues raised for dissolution, there was no warrant for the learned Special Term to have appointed either a Referee or a temporary receiver. Moreover, where, as at bar, the good faith of petitioners seeking arbitration was in dispute, and the factual issues were not complicated, and there was no showing that the corporation was insolvent, the appointment of a receiver and a Referee was not a proper exercise of judicial discretion (*Matter of Whitehall Art Co.* [*Rieman-Stein*], 6 A D 2d 399, 400). Because the corporation is a proper party (see Motion No. 1497, dec. herewith) despite its adjudication in bankruptcy, of which we are now informed dehors the record, the determination herein as to the corporation should be without prejudice to the right of the proper bankruptcy official to take such action as may be appropriate in the premises. Christ, Acting P. J., Brennan, Rabin, Munder and Martuscello, JJ., concur.