■ In the Matter of Arbitration between MICROTRAN COMPANY, INC., et al., Respondents, and HAROLD EDELSTEIN, Appellant.— Judgment (denominated an order), entered April 22, 1968, unanimously reversed, on the law, with $30 costs and disbursements to respondent-appellant, and petition for stay of arbitration dismissed. The 1959 agreement entered into by each of the stockholders and the corporation provided, *inter alia,* for the purchase by the corporation under certain conditions of the stock of a stockholder. The individual stockholders in 1963 entered into an agreement relative to existing insurance policies insuring the respective lives of the parties and such agreement contained provisions that the proceeds of the policies were to be available to the corporation in its purchase of the stock of a deceased stockholder. The 1959 agreement contained a broad arbitration clause calling for the arbitration of "Any controversy or claim aris-

ing out of or relating to this agreement or the breach thereof, or to the relationship between the parties hereto ". The demand of the corporation for arbitration submits for determination of the arbitrators the corporation's claimed right to have the appellant stockholder sell his stock to the corporation. The latter's counter-demand, by item 7, challenged in this proceeding, seeks "Determination by the arbitrators of the disposition of life insurance policies" specified in the 1963 agreement and demands "that the arbitrators make disposition of these life insurance policies in the event there is a determination that the stock interest of a party is terminated before death." We conclude that the matter proposed to be submitted to arbitration by the particular item of the counter-demand is so directly related to the matters in controversy between the parties as to be arbitrable under the arbitration clause contained in the 1959 agreement. Under the circumstances, the matter of the disposition of the life insurance policies relates to the 1959, agreement and arises out of "the relationship between the parties" thereto. And it is immaterial that the 1963 agreement does not contain an arbitration clause (cf. *Matter of Associated Metals & Mins. Corp.*, 10 N Y 2d 298, 301, 302). Furthermore, the petitioners, without challenging any items of the appellant's counter-demand, participated in the selection of the arbitrators. "Participation in selection of the arbitrator is itself a waiver of objection to the items of dispute submitted". (*Matter of Iino Shipbuilding & Eng. Co.* [*Hellenic Lines*], 6 A D 2d 159, 162, affd. 5 N Y 2d, 987; see, also, *Matter of National Cash Register Co.* [*Wilson*], 8 N Y 2d 377, 382, 383; *Matter of Gotham Hotel Realty Co.* [*Ross*], 51 Misc 2d 85, 87; *Matter of Harris* [*East India Trading Co.*], 16 Misc 2d 87, 90.) Concur — Botein, P. J., Stevens, Eager, Tilzer and McGivern, JJ.