In the Matter of the Arbitration between ALLIED VAN LINES, INC., Appellant, and HOLLANDER EXPRESS & VAN COMPANY, Respondent.

First Department, November 5, 1970.

*William F. Koegel* of counsel (*Joseph H. Spain* with him on the brief; *Royall, Koegel & Wells*, attorneys), for appellant.

*Malcolm A. Hoffmann* of counsel (*Robert W. Biggar, Jr.*, with him on the brief), for respondent.

*Per Curiam.* Respondent Hollander Express & Van Company (Hollander) is a stockholder and agent of petitioner Allied Van Lines, Inc. (Allied), holder of an Interstate Commerce Commission license as a Nationwide interstate household goods mover. Allied's agents in its Nationwide system are also its sole stockholders. The principal-agent relationship between Allied and its agents arises out of a noncarrier agency contract (Agreement). Section 3.1 of the Agreement provides that the respondent-agent shall have the unconditional right to terminate the contract on 10 days' written notice to Allied. Allied, on the other hand, may only terminate the Agreement if Hollander breaches it and fails to cure or remedy the breach within 90 days of a notice from Allied so to do. The same section further provides that Hollander, should it dispute Allied's assertion that a breach has occurred, may forestall the Agreement's termination by bringing legal action or by demanding arbitration " as provided in section 3.2 hereof ". Section 3.2 sets forth the procedure to be followed by respondent should it elect to have such a dispute resolved by arbitration. No other mention of arbitration is made in the Agreement. Although section 3.2 begins with the words " any dispute between the parties " it clearly appears that the over-all intent of the parties as expressed in the context of the Agreement was to limit this unilateral right to arbitration as above indicated.

Hollander has a branch in the Northwestern suburban area of Chicago. On May 22, 1969, Allied's board of directors approved an application of American Imperial Movers, Inc. (American), another Allied agent, to establish a branch office at a site which is near one of Hollander's branches. Hollander's notice of intention to arbitrate asserts that a controversy exists between it and Allied concerning Allied's approval of American's application.

Arbitration cannot be judicially mandated unless by clear and unequivocal language the parties involved have agreed thereto. (*Matter of Lehman* v. *Ostrovsky,* 264 N. Y. 130, 132.) Nor will an agreement to arbitrate be extended by construction or by implication. The burden lies on the party seeking arbitration to demonstrate a clear intent in the contract for arbitration. (*Matter of Milton L. Ehrlich, Inc.* v. *Unit Frame & Floor Corp.,* 5 A D 2d 272.) Hollander has failed to meet its burden to show that the present alleged dispute was unequivocally intended by the parties to be the subject of arbitration. The only arbitration contemplated by the Agreement is an arbitration which Hollander might institute under section 3.1 to test the propriety of action taken by Allied to terminate Hollander's agency for cause. The contract language used in the light of the arrangement between the parties confirms this intent. No claim is made that Allied has taken any steps to terminate Hollander's agency.

Hollander, by its demand for arbitration, seeks to force Allied to prevent American or any other Allied agent from setting up a local operation in Chicago's northwest suburbs. This would, of course, stifle competition. Hollander, therefore, seeks a determination by the arbitrators that it has an exclusive right to represent Allied in that area. This raises the question whether the sought exclusion of competition is a violation of the Sherman Antitrust Act. Private parties may not agree to arbitrate the question of whether the antitrust laws have been complied with. Nor can they agree to arbitrate where there is a serious question of whether the relief sought from the arbitrators would be a directive to violate such laws. (See *Silvercup Bakers* v. *Fink Baking Corp.,* 273 F. Supp. 159 [S. D. N. Y., 1967]; *American Safety Equip. Corp.* v. *Maguire & Co.,* 391 F. 2d 821 [2d Cir., 1968]; *Matter of Aimcee Wholesale Corp.,* 21 N Y 2d 621 [1968]; *City Trade & Ind.* v. *New Cent. Jute Mills Co.,* 25 N Y 2d 49 [1969]; *Matter of Standardbred Owners Assn.* v. *Yonkers Raceway,* 31 Misc 2d 474.)

Moreover, Allied and Hollander are parties to an antitrust consent decree entered in a civil antitrust case commenced by the Department of Justice in 1944 against Allied and a number of other defendants, including Hollander, and Allied's other agents. A provision in that consent decree provides:

"Each defendant is hereby enjoined and restrained from directly or indirectly entering into * * * any contract * * * with any other defendant or with any other person. * * *

" To act as or to appoint an exclusive agent or agents or representative or representatives whether as to the booking or solicitation or hauling of shipments, the filing of tariffs, rules, regulations, practices or otherwise ".

The consent decree also prohibits the parties from taking any action:

" (a) To allocate the business of transportation, or agree upon or to designate, select or restrict the territory or routes over or for which any carrier or warehouseman may undertake to perform or shall perform transportation for other persons * * *

" (c) To limit, restrict or determine the operations or services of any carrier or warehouseman or the transportation to be performed by it for other persons as to area of operation or services, solicitation of business, allocation of business, surrender, diversion, booking, or hauling of shipments, appointment of agents, warehousing, or in the leasing, furnishing or exchanging of equipment or facilities, or in similar matters ".

Hollander's efforts to remain as exclusive Allied agent in the stated area appear to be specifically prohibited by the terms of the consent decree.

From the record, it is clear that the relief demanded from the arbitrators by Hollander raises serious and substantial antitrust questions. This would be sufficient to justify a permanent stay of the pending arbitration proceeding. Antitrust issues involving, as they do, the interests not only of the particular litigants, but of the public in general, should be settled by the judiciary rather than by arbitrators.

The order entered May 1, 1970, denying a stay of arbitration should be reversed on the law and appellant's application for a stay of arbitration granted, with costs and disbursements.

Eager, J. P., Capozzoli, Nunez and Steuer, JJ., concur.

Order of the Supreme Court, New York County, entered on May 1, 1970, unanimously reversed on the law and appellant's application for a stay of arbitration granted. Appellant shall recover of respondent $30 costs and disbursements of this appeal.