In the Matter of MURRAY SIEGEL, Appellant, v 141 BOWERY CORP., Respondent.

First Department, February 26, 1976

*Stephen W. Schlissel* of counsel *(Richard A. Lippe* and *Charles S. Sherman* with him on the brief; *Lippe, Riskin & Schlissel, P.C.,* attorneys), for appellant.

*Edward L. Schiff (Louis E. Teitel* with him on the brief), attorney for respondent.

*Per Curiam.* The purchase agreement, dated November 1, 1971, whereby Henry Lewis, the sole stockholder of Henry Lewis Lamp Shade Corp. (Lamp Shade), sold 30 shares of stock constituting a half interest in Lamp Shade to his employee, Murray Siegel (petitioner), contained a broad arbitration clause, which provided, in part, that "any issue of any kind,

any dispute, any difference or question of any kind relating in any manner whatsoever to this agreement, arising between the parties herein, shall be determined by arbitration".

Thereafter, petitioner, Lewis, and Lamp Shade entered into a shareholders agreement dated December 1, 1971, which provided *inter alia* that "any dispute, of any kind, in any way, arising in and out of the conditions and provisions of this agreement, or the conduct of the business of the COMPANY, *or the relationship between the parties hereto,* shall be determined by arbitration" (emphasis supplied). The same persons designated as arbitrators in the purchase agreement were so designated in the shareholders agreement.

On August 21, 1972 Lewis and petitioner entered into a contract to purchase the adjoining building, No. 141 Bowery from Service Cash Register Corp. (Service) for the purpose of expanding Lamp Shade. By a rider attached to and forming a part of the contract they agreed to form a corporation to which the contract would be assigned. Thereafter, respondent, 141 Bowery Corp. (141 Bowery) was formed in September 1972, and the contract assigned to it. Lamp Shade put up the cash portion of the purchase price and 141 Bowery executed a mortgage note to Lamp Shade and also a mortgage note to Service. Petitioner and Lewis each own 50% of the issued stock of 141 Bowery and Lamp Shade leases the first floor and basement from 141 Bowery, whose sole asset is the building.

Differences arose between petitioner and Lewis in the conduct of their business affairs and by letter dated April 12, 1974, Lewis notified petitioner that he was declaring null and void their agreement with respect to Lamp Shade, and a notice of intention to arbitrate pursuant to the purchase agreement was served by Lewis. Petitioner asserts he was thereafter precluded from entering the premises of Lamp Shade; however, it was provided that certain weekly payments of $400 were to be made to petitioner until the pending arbitration proceeding was completed. By letter agreement, dated June 13, 1974, the arbitration demanded by Lewis was to "include all issues arising under the agreement dated November 1, 1971, between Henry Lewis and Murray Siegel relating to Murray Siegel's purchase of thirty (30) shares of Henry Lewis Lamp Shades Corp. from Henry Lewis. It shall also include all arbitrable issues arising pursuant to the shareholders agreement dated December 1, 1971". This was the third agreement between the parties which, in some

fashion, provided for arbitration. On June 4, 1974 by verified petition, petitioner sought dissolution of 141 Bowery pursuant to section 1104 of the Business Corporation Law. Lewis then moved to stay the dissolution proceeding and to compel arbitration. Special Term granted the motion and petitioner appeals therefrom.

Petitioner contends that the court erred in directing arbitration because the parties cannot be directed to arbitrate issues that they have not clearly agreed should be submitted to arbitration, since there is no agreement between the parties to arbitrate issues relating to 141 Bowery. This argument is premised upon the facts that 141 Bowery is a separate corporation, that there is no separate arbitration provision dealing with the corporate entity, and that the corporation was formed some 10 months after the purchase agreement relating to Lamp Shade.

Petitioner urges, and we agree, that arbitration is essentially a matter of contract (Matter of Howard & Co. v Daley, 27 NY2d 285), which contract by statute must be in writing (CPLR 7501). The language whereby a party agrees to or is under a duty to arbitrate should be clear and unequivocal and "the burden lies on the party seeking arbitration" (Matter of Allied Van Lines [Hollander Express], 35 AD2d 191, 193). However, where several writings are involved, all of which contain an arbitration clause, it may fairly be said that it is the over-all intention of the parties as gleaned from such documents which should control. The mere fact that a separate corporate entity is here involved should not be determinative (cf. Mangan v Terminal Transp. System, 247 App Div 853, mot for lv to app den 272 NY 676), nor need that issue necessarily be reached here.

Lewis and petitioner are the sole directors and stockholders of 141 Bowery which has never held a corporate meeting. Its income is derived from the monthly rent of $1,000 paid by Lamp Shade, the greater portion of which is applied to a reduction of the purchase-money mortgage. The second mortgage to Lamp Shade is still outstanding and, apparently, the moneys paid by Lamp Shade to Service as part of the purchase price have never been repaid. Lewis and petitioner each hold a 50% interest in 141 Bowery which as noted above was created solely to take title to the building adjacent to Lamp Shade. Petitioner complains, that the rental paid by Lamp Shade is lower than fair market value; that no directors or

shareholders meeting was ever held to authorize the month-to-month lease; and, that 141 Bowery is losing money and the directors are deadlocked.

By the terms of the shareholders agreement, the parties agreed to submit to arbitration any dispute of any kind arising out of the conditions and provisions of the agreement, the conduct of the business of Lamp Shade, or the relationship between the parties. The June 13, 1974 agreement embraced both the November 1, 1971 and December 1, 1971 agreements. The adequacy and fairness of the rent paid by Lamp Shade to 141 Bowery is in dispute and other items in controversy arise from the relationship of the parties as shareholders of Lamp Shade, and relate in some way to that corporation. Basically, 141 Bowery was the instrument through which the parties carried on the business of Lamp Shade. The absence of a separate, definitive arbitration clause is not fatal to the demand for arbitration (*Matter of Microtran Co. [Edelstein]*, 30 AD2d 938, 939; see, also, *Matter of Moskowitz v Surrey Sleep Prods.*, 30 AD2d 820) and it clearly appears that it was the over-all intention of the parties to resolve any disputes by arbitration.

Accordingly, the judgment entered February 24, 1975, in the Supreme Court, New York County (FEIN, J.) staying the proceeding for dissolution of 141 Bowery Corp. pending arbitration and granting respondent's motion to compel arbitration should be affirmed with costs to respondent.

STEVENS, P.J., KUPFERMAN, LUPIANO, BIRNS and LANE, JJ., concur.

Judgment, Supreme Court, New York County unanimously affirmed. Respondent shall recover of appellant $40 costs and disbursements of this appeal.