■ In the Matter of MORRIS LEVY, for the Judicial Dissolution of JOYCE MORRIS, INC. MORRIS LEVY, Appellant; JOYCE MORRIS, INC., et al., Respondents.—In a proceeding for the judicial dissolution of a corporation, petitioner appeals from so much of an order of the Supreme Court, Kings County, dated February 29, 1980, as, upon granting the corporation's cross motion, directed that petitioner submit his claim to arbitration pursuant to the shareholders' agreement. Order affirmed insofar as appealed from, with $50 costs and disbursements to respondent Joyce Morris, Inc. Petitioner seeks the dissolution of a close corporation in which he is a 20% shareholder on the ground that the two other shareholders (each of whom owns 40% of the stock) have been guilty of "oppressive actions" towards him and have attempted to force him "to relinquish his stock ownership" at a price (allegedly fixed in accordance with paragraph 4 of the shareholders' agreement) which is far below the true value of his shares. In addition, petitioner maintains that the two other shareholders, who are also officers of the corporation, have been appropriating large sums of money for their own use and benefit, and have thereby "looted, wasted or diverted" substantial corporate assets. The corporation, by its president, cross-moved for an order directing the petitioner to submit his claims to arbitration in accordance with paragraph 9 of the shareholders' agreement, which provides, *inter alia:* "Any questions, differences or controversies with respect to this AGREEMENT, or other breach thereof, shall be determined [in an arbitration proceeding]". Special Term granted the corporation's cross motion and petitioner appeals. We affirm. Petitioner's claim that the wording of the agreement is insufficient to express an intention to arbitrate the "dissolution" of the corporation is without merit. The language is broad enough to encompass the nature of the dispute underlying the petition for dissolution, viz., an inadequate offer to purchase petitioner's shares of stock and an alleged breach of fiduciary duty (see

*Matter of Moskowitz v Surrey Sleep Prods.*, 30 AD2d 820; *Matter of Siegel v 141 Bowery Corp.*, 51 AD2d 209). Accordingly, Special Term properly directed that the matter proceed to arbitration. Titone, J. P., Gibbons, Gulotta and Margett, JJ., concur.