■ In the Matter of LEONARD I. EHRLICH et al., Respondents, v HOWARD S. STEIN, Appellant.—In a proceeding pursuant to Business Corporation Law § 1104 seeking the judicial dissolution of Great Neck Pediatric Associates, P. C., Howard S. Stein appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated February 9, 1988, which, inter alia, denied his motion to compel arbitration, or in the alternative, to direct a hearing to determine the fair market value of his shares.

Ordered that the order is reversed, with costs, and the motion is granted to the extent that the parties are directed to

proceed to arbitration in accordance with their shareholders' agreement and this proceeding is stayed pending arbitration *(see,* CPLR 7503).

The petitioners and Howard S. Stein are equal shareholders of the corporation which is the subject of this dissolution proceeding. A 1981 agreement that governs the parties' relationship provides that any motion, resolution or proposal requires the unanimous approval of the shareholders, each of whom is also a director. In addition, each is deemed to be an employee of the corporation and is required by the agreement to "devote his full time and attention to the business of the corporation".

The shareholders' agreement restricts the sale or transfer of stock, without the consent of all shareholders, to resale to the corporation or sale to the other three shareholders *(cf.,* Business Corporation Law § 1511). The value of each share is to be agreed upon by the parties semiannually, but if "for any reason" the shareholders are unable to fix value, each shareholder's stock is to be deemed equal to $37,500. Although provision is made for judicial remedies should controversy arise concerning the right or obligation to purchase or sell shares, those remedies are "not exclusive and shall be in addition to any other remedy the parties may have". The agreement also provides that: "[a]ny disputes or controversies of whatever kind or nature which may arise in connection with, for breach or on account of the performance or nonperformance of this agreement, shall be decided by arbitration in the City of New York by the American Arbitration Association in accordance with the Rules and Regulations of the [association] and the Arbitration Laws of the State of New York".

Prior to commencement of this proceeding, the petitioners called a combined shareholders' and directors' meeting at which they introduced a resolution by which they sought to compel dissolution of the corporation unless Stein agreed to sell his shares back to the corporation for $37,500. Stein disagreed with the petitioners' interpretation of the agreement with respect to value and with respect to his "obligation" to sell his shares. His negative vote prohibited the resolution's adoption, whereupon the petitioners commenced this proceeding for judicial dissolution. Its premise is the alleged internal dissension and division of the shareholders into two factions so that dissolution would be beneficial to the shareholders *(see,* Business Corporation Law § 1104 [a] [3]; *see also,* Business Corporation Law § 1513). In particular, petition-

ers allege that the differences "concern Dr. Stein's relationship with patients, repeated complaints by patients about him, his professional manner, the level of interest he shows in his work, his attire and his dedication to the parties' medical practice". Stein moved, *inter alia,* for an order compelling arbitration which, if issued, would operate to automatically stay this proceeding *(see,* CPLR 7503 [a]). The Supreme Court denied the motion and ordered a trial on the issues raised in the petition which are disputed by Stein. We conclude that this proceeding should have been stayed and that arbitration should have been compelled.

The role of the court in deciding whether parties have agreed to settle a particular dispute through the favored method of arbitration is a threshold one and does not require that the court pass upon the merits *(see, Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.,* 37 NY2d 91; *McSpedon v Profile Elec.,* 137 AD2d 669). If the parties have broadly agreed to settle any dispute arising out of a contract between them by arbitration, "[o]nce it appears that there is, or is not a reasonable relationship between the subject matter of the dispute and the general subject matter of the underlying contract, the court's inquiry" with respect to the arbitrability of the dispute "is ended" *(see, Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co., supra,* at 96).

The petitioners advanced and the Supreme Court accepted the contention that because the arbitration clause does not specify either internal dissension or corporate dissolution the dispute presented by the petition is not arbitrable. We cannot accept so narrow an interpretation of either the arbitration clause or of the dispute. Apart from the fact that the petitioners, in part, premise their prayer for dissolution on Stein's alleged lack of devotion to the business of the corporation in apparent breach of an express term of the agreement, the general subject matter of the dispute, i.e., whether and if so, on what terms, the shareholders should sever their corporate ties, is more than reasonably related to the general subject matter of the agreement establishing those ties. The fact that the dispute might otherwise serve as a predicate for judicial dissolution does not narrow the scope of the arbitration clause *(see, Matter of Levy,* 79 AD2d 684; *Matter of Moskowitz v Surrey Sleep Prods.,* 30 AD2d 820) and we are bound to give it effect. Bracken, J. P., Lawrence, Spatt and Harwood, JJ., concur.