■ LEVKOFF-SENNET PARTNERSHIP et al., Respondents, v EVELYN G. LEVKOFF et al., Defendants, and EDITH SENNET, Appellant.—In an action to recover damages for breach of contract, the defendant Edith Sennet appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated July 2, 1987, which granted the plaintiffs' motion to stay prosecution of her counterclaim pending arbitration.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion is denied.

In 1979, Evelyn Levkoff, her two adult children, Henry Levkoff and Edith Sennet, their respective families, and certain family business entities, entered into an agreement, *inter alia,* involving family business interests. By the terms of the agreement, Standard Folding Cartons, Inc. (hereinafter the corporation), a family-owned business, was required to purchase from the Sennet family, upon Mr. Sennet's death, all the shares of stock which the Sennets held in the corporation for a price of $900,000. It was also required to purchase the Sennet family's entire interest in a series of partnerships for a price of $1,400,000. The agreement further provided that part of the purchase price would be paid at the closing with the remainder to be paid in monthly installments. In addition, paragraph 14 of the agreement recited that, in consideration of the Levkoff family entering into the agreement, Evelyn Levkoff agreed to give or leave by testamentary disposition one half of all her property, assets and estate, including her interest in the partnerships, to the Levkoff family and the other half to the Sennet family.

Various other terms, covenants and conditions were included in the 30-page agreement, pursuant to which the corporation was required to state in quarterly writings to the Sennets that it and the partnerships were not in default of any of its terms, covenants and conditions. Accountants for the corporation and the partnerships were similarly required to certify on an annual basis that no defaults had occurred. Also included in the agreement was an "acceleration clause" whereby a party injured by an uncured default could declare due and payable all unpaid stock and partnership notes. An injured party could also "proceed to enforce his or her rights

by suit in equity or action at law" and "pursue any * * * legal or equitable remedy" but "no remedy contained [in the agreement and] conferred upon an injured party shall be exclusive of any other remedy". The agreement also provided that "[a]ny controversy arising out of or in any way relating to this Agreement * * * shall be resolved by arbitration".

At some unspecified time after the signing of the agreement, Mrs. Sennet's husband died, thus triggering the provision which required the corporation to purchase the Sennets' interest in the partnerships and corporation. The amounts due at closing and monthly installments were apparently paid. Ultimately, the plaintiffs, which include Henry Levkoff and his family, commenced this action against Evelyn Levkoff and the Sennet family claiming, *inter alia*, that Evelyn Levkoff, by transferring substantial amounts of her wealth to the Sennet family, breached the provisions of paragraph 14 requiring that she give or bequeath to the Levkoff family one half of her assets. It was also alleged that Mrs. Sennet had induced her mother to take that action. The plaintiffs, *inter alia*, seek a judgment declaring that the provisions of paragraph 14 are binding upon Evelyn Levkoff and enjoining her from transferring any additional assets to the Sennet family unless she transfers assets of equivalent value to members of the Levkoff family. By her answer, Mrs. Sennet interposed a counterclaim to recover damages for breach of the agreement, alleging that, by failing to provide her with the quarterly notice on a regular basis and by failing to have the accountants provide her with the required annual certification, the plaintiffs had triggered the acceleration clause. She demanded judgment, *inter alia*, for the unpaid balance of the stock and partnership notes. In their reply, the plaintiffs claim as one of several affirmative defenses that, pursuant to the arbitration provision set forth in the agreement, the counterclaims were subject to arbitration. The Supreme Court granted the plaintiffs' motion to stay the prosecution of the counterclaim and to compel arbitration of the claims set forth in it. We reverse.

The Supreme Court correctly set forth the general rule that its function on a motion to compel or stay arbitration is to determine whether the parties have agreed to settle a particular dispute by arbitration and whether any conditions precedent to arbitration have been met *(see, Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1; Matter of Ehrlich v Stein,* 143 AD2d 908). The Supreme Court's determination that the parties agreed to resolve by arbitration the dispute raised by Mrs. Sennet's counterclaim may have other-

wise been correct, notwithstanding the apparent conflict between the broad arbitration clause and the provision for judicial remedies (cf., Matter of Ehrlich v Stein, supra). However, by proceeding to the judicial forum, the plaintiffs expressed their intention to waive the right to press their own claim by way of arbitration, thereby effecting a waiver of any right to arbitration of related claims brought by adverse parties (see, De Sapio v Kohlmeyer, 35 NY2d 402, 406; cf., Sherrill v Grayco Bldrs., 64 NY2d 261, 273). The relationship between Mrs. Sennet's claims of breach of the agreement, entitling her to accelerated buy-out payments, and, e.g., the plaintiffs' claim to recover damages for breach of the agreement (on account of the failure to honor, or the interference with, the promise to transfer assets to the Levkoff family) warrants the conclusion that the parties, by their pleadings, evinced an intent to waive the right to arbitrate and to resolve their current disputes in a single, judicial forum (cf., Denihan v Denihan, 34 NY2d 307). Eiber, J. P., Kooper, Sullivan and Harwood, JJ., concur.