■ SURENDRA KARNAVAT, Appellant, v JESSE BANDS, INC., et al., Respondents. [726 NYS2d 848] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about January 25, 2001, which denied plaintiff's motion for a preliminary injunction in aid of arbitration, unanimously affirmed, without costs.

Plaintiff is a 29 1/3% shareholder in a three-shareholder corporation that the other two shareholders voted to dissolve pursuant to Business Corporation Law § 1001. While acknowl-

edging that the corporation is subject to dissolution pursuant to section 1001, plaintiff alleges that defendants voted for dissolution in furtherance of a conspiracy to "take the accounts, good will and assets" of the corporation and otherwise "freeze [him] out" of the value of his stock. Pointing to the broad arbitration clause in the parties' shareholders agreement, plaintiff seeks to preliminarily enjoin dissolution pending an arbitration he is contemplating. The allegations are such as to make it appear that plaintiff is not so much challenging defendants' right to dissolve the corporation as the manner they intend to go about winding up its affairs and distributing its assets. Even assuming plaintiff is entitled to have the dissolution supervised by an arbitrator (*see, Matter of Levy,* 79 AD2d 684), his application for a preliminary injunction fails to show that the award to which he may be entitled would be rendered ineffectual without such relief (CPLR 7502 [c]). Indeed, plaintiff does not even describe the award to which he may be entitled, or otherwise identify particular, ripe controversies. The shareholders agreement provides that upon dissolution, the debts of the corporation are to be paid and each shareholder is to be given his pro rata share of the value of the remaining assets, as valued by an independent appraiser. Plaintiff offers no evidence for suspecting that this will not occur, or why an award of money would not make him whole were defendants to divert physical assets. Plaintiff's premise, that if the dissolution is arbitrable, a preliminary injunction must necessarily issue in order to maintain the status quo pending the arbitration, is simply mistaken (*see, Koob v IDS Fin. Servs.,* 213 AD2d 26, 32). Concur—Nardelli, J. P., Williams, Tom, Mazzarelli and Marlow, JJ.