Russo v Time Moving & Stor., Inc. (2021 NY Slip Op 03207)





Russo v Time Moving & Stor., Inc.


2021 NY Slip Op 03207


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2017-08359
 (Index No. 10035/11)

[*1]Michael Russo, etc., plaintiff-appellant-respondent,
v
Time Moving and Storage, Inc., et al., defendants, Kevin Gilgan, defendant-respondent-appellant; Joseph P. Toscano, nonparty-appellant-respondent.


Stein and Stein, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Kenneth J. Gorman, and Brianna Walsh], of counsel), for plaintiff-appellant-respondent and nonparty-appellant-respondent.
Ellenoff Grossman & Schole, LLP, New York, NY (David A Gehn and Matthew B. Baum of counsel), for defendant-respondent-appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff and Joseph P. Toscano appeal, and the defendant Kevin Gilgan cross-appeals, from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), dated June 27, 2017. The order, insofar as appealed from, granted those branches of the cross motion of the defendant Kevin Gilgan which were to vacate so much of an arbitration award dated September 13, 2016, as awarded the plaintiff and Joseph P. Toscano punitive damages and ordered the dissolution of Evidence Secure, Inc. The order, insofar as cross-appealed from, denied those branches of the cross motion of the defendant Kevin Gilgan which were to vacate the remainder of the arbitration award.
ORDERED that the order is reversed insofar as appealed from, on the law, and those branches of the cross motion of Kevin Gilgan which were to vacate so much of the arbitration award as awarded the plaintiff and Joseph P. Toscano punitive damages and ordered the dissolution of Evidence Secure, Inc., are denied; and it is further,
ORDERED that the order is affirmed insofar as cross- appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff and Joseph P. Toscano.
In 2005, Michael Russo, Joseph P. Toscano, and Kevin Gilgan formed Evidence Secure, Inc. (hereinafter ESI), for the purpose of collecting, packaging, transporting, and storing forensic evidence for litigants. ESI's stockholders agreement contained a broad arbitration clause. Gilgan was in charge of ESI's day-to-day operations, and when Russo became dissatisified with Gilgan's performance, Russo commenced this action against Gilgan, among others, to recover damages for breach of contract, among other things. Gilgan then demanded arbitration against Russo and Toscano. The Supreme Court stayed the action and directed Russo, Toscano, and Gilgan to arbitrate their dispute. In an arbitration award dated September 13, 2016, an arbitrator found in favor of Russo and Toscano, awarded them damages, including punitive damages, ordered the dissolution of ESI, and required Gilgan to provide Russo and Toscano with releases and to indemnify and hold [*2]them harmless against claims of third parties with respect to ESI's handling of forensic evidence.
Russo and Toscano moved to confirm the arbitration award and Gilgan cross-moved to vacate the award. In the order appealed and cross-appealed from, the Supreme Court, inter alia, granted those branches of Gilgan's cross motion which were to vacate so much of the arbitration award as awarded Russo and Toscano punitive damages and ordered the dissolution of ESI. Russo and Toscano appeal, and Gilgan cross-appeals.
The Supreme Court improperly vacated so much of the arbitration award as awarded Russo and Toscano punitive damages (see Mastrobuono v Shearson Lehman Hutton, Inc., 514 US 52, 63-64; Matter of Flintlock Constr. Servs., LLC v Weiss, 122 AD3d 51, 54-55). The court's finding that Russo, Toscano, and Gilgan did not agree to put the issue of punitive damages before the arbitrator is not supported by the record.
Moreover, the Supreme Court erred by vacating so much of the arbitration award as ordered the dissolution of ESI. "If the parties have broadly agreed to settle any dispute arising out of a contract between them by arbitration, once it appears that there is, or is not a reasonable relationship between the subject matter of the dispute and the general subject matter of the underlying contract, the court's inquiry with respect to the arbitrability of the dispute is ended" (Matter of Ehrlich v Stein, 143 AD2d 908, 910 [internal quotation marks omitted]; see In re Levy, 79 AD2d 684).
Gilgan's contentions with respect to other aspects of the arbitration award do not warrant its vacatur (see Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326; Maross Constr. v Central N.Y. Regional Transp. Auth., 66 NY2d 341, 346).
DILLON, J.P., HINDS-RADIX, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court