SHORT *v.* HOLLINGSWORTH.

1. CONTRACTS—REMEDIES FOR BREACH—CONSTRUCTION OF CONTRACT —INTENT.

> Whether or not the remedy provided in a contract upon the breach thereof is exclusive depends upon the intention of the parties and if so intended the rights of the parties will be controlled thereby.

2. SAME—CONSTRUCTION—INTENT—REMEDY FOR BREACH.

> In contract by president and stockholder for sale of his stock to directors and salaried employees of the company whereby stock was to be placed in escrow, where obligations imposed upon purchasers were expressed in mandatory language and single remedy of seller provided by the contract was expressed in permissive language, parties are *held,* not to have intended that the remedy so provided was to be the exclusive one.

3. SAME—CONSTRUCTION ACCORDING TO ORDINARY MEANING OF WORDS.

> The words used in a contract should be construed according to their ordinary meaning unless it is clear that a different meaning was intended.

4. CORPORATIONS—TRANSFER OF STOCK—ESCROW—PASSAGE OF TITLE.

> Under contract relative to plaintiff's stock in a corporation wherein plaintiff agreed to sell and defendants to buy the stock for a stipulated sum, part of which was paid upon execution of the contract and the balance to be paid in instalments, delivery of the stock in escrow and payment of some of the instalments, title to the stock passed, hence plaintiff has right of action for balance of purchase price and is not relegated to an action for damages for breach of the contract.

Appeal from Chippewa; Runnels (Herbert W.), J. Submitted October 5, 1939. (Docket No. 53, Calendar No. 40,632.) Decided December 19, 1939.

Assumpsit by Andrew J. Short against Roy D. Hollingsworth and others for sums due on a contract for the sale of stock. Judgment for plaintiff. Defendants appeal. Affirmed.

*John W. Shine* (*John N. Fegan*, of counsel), for plaintiff.

*Warner & Sullivan* (*Francis T. McDonald*, of counsel), for defendants.

CHANDLER, J. On February 21, 1928, plaintiff was president and a stockholder in the Soo Machine & Auto Company. The defendants were directors and salaried employees of the company. On that date, a contract was executed between plaintiff and two other stockholders as sellers and defendants as purchasers whereby plaintiff sold his stock in said corporation to defendants. The stock was deposited in escrow with the Central Savings Bank of Sault Ste. Marie, together with a copy of the sales contract, as provided therein. The contract contained the following provision:

"If and in the event the buyers shall fail to make any instalment payment on the date specified, the sellers may, at any time after any instalment payment is past due for 90 days, file a written request with said bank to return said stock to them, a copy of such request being at the same time served, personally or by mail, on the buyers, and each of them, and upon the performance of this condition the bank shall, after the expiration of 10 days from the filing and serving of such written request, return to the sellers said stock free and clear of any claim of title, ownership or lien of the buyers. In such event, and after said stock is so returned to the sellers, the sellers shall be entitled to keep and retain out of such sum or sums as may have been paid to them

under this agreement: first, any interest that may be due on a past due payment; second, any part of such payment or payments as are represented by interest in the foregoing schedule of payments; and third, any sum that may be necessary to compensate them for any loss in book value of their stock should such book value at the time of default be depreciated below the book value at the date of this agreement. It is further agreed, that after deducting the foregoing sums for interest and compensation for loss of book value of stock, from the payment or payments that may have been made to the sellers by the buyers, the balance, if any, shall be returned by the sellers to the Soo Machine & Auto Company and shall be retained by the corporation, or be distributed among all of the stockholders (including all of the parties to this agreement) as their respective interest may appear and as may be directed by the then stockholders at a regular or special meeting.''

Defendants defaulted in making the fourth instalment due under the terms of the contract, and this action was brought to recover the balance of the contract price in the sum of $6,687, with interest thereon, the stock of the other two sellers having been delivered to the purchasers.

The trial court entered judgment for plaintiff. Defendants take this appeal, claiming that inasmuch as the contract provided a remedy in the event of default by the purchasers, the remedy so provided is exclusive and that plaintiff had no right to bring an action at law for recovery of the balance of the purchase price. They also claim that because the stock had never been delivered to them, title thereto remains in plaintiff, and that plaintiff's only alternative remedy is an action for damages for failure to perform the contract.

Whether or not the remedy provided in the contract upon breach thereof by defendants is exclu-

sive depends upon the intention of the parties. *In re Hale Desk Co.* (C. C. A.), 97 Fed. (2d) 372. See, also, *Commercial Credit Co.* v. *Insular Motor Corp.* (C. C. A.), 17 Fed. (2d) 896; *Clear Lake Co-operative Live Stock Shippers' Ass'n* v. *Weir,* 200 Iowa, 1293 (206 N. W. 297). If it appears to have been the intention that the remedy specified in the contract should be exclusive, the rights of the parties will be controlled thereby. For cases holding the expressed remedy to be exclusive, see *Nave* v. *Powell,* 52 Ind. App. 496 (96 N. E. 395); *Schminke Milling Co.* v. *Diamond Bros.,* 99 Fed. (2d) 467. For cases bearing upon the question in actions for breach of warranty, see annotations, 50 L. R. A. (N. S.) pp. 753, 774 and 778.

The intention of the parties, we believe, from a reading of the entire contract and a consideration of all the circumstances, was not that the remedy expressed for defendants' breach should be exclusive. Although defendant earnestly argues to the contrary, it is significant that the remedy provided upon breach is made available in permissive language by the use of the word ''may,'' whereas other covenants expressed therein, creating obligations upon both parties, are imposed in mandatory language by the use of the word ''shall.'' Typical of phrases appearing throughout the contract are: ''the buyers *shall* pay;'' ''the stock so purchased * * * *shall* be deposited;'' ''annual instalments * * * *shall* be paid;'' ''said bank *shall* make distribution of such payments.'' The use of the word ''shall'' appears throughout the contract as the choice of the parties in imposing the obligations assumed thereunder with but few exceptions, one being the provision that in the event of default the sellers *may* pursue the remedy hereinbefore quoted. To us, the language used does not indicate an intent

to provide an exclusive remedy, and we find nothing elsewhere in the record to indicate that the parties intended a contrary result. The words used in the contract should be construed according to their ordinary meaning unless it is clear that a different meaning was intended, and we find nothing that would authorize us to construe the word *may,* used as aforesaid, as meaning *shall.*

As to the further claim that plaintiff cannot maintain an action for the balance of the contract price, defendants, inconsistently with their first position that the remedy provided in the contract is exclusive, contend that the action should be one for damages for breach of the contract, because title to the stock has not passed to them.

By the terms of the agreement, plaintiff agreed to sell and defendants to buy the stock for a stipulated sum, part of which was paid upon the execution of the contract and the balance to be paid in instalments, three of which were subsequently paid. As further provided, the shares were delivered to the Central Savings Bank, a depository selected by both parties, to be held pending completion of the instalment payments. Title had passed. Plaintiff is not relegated to an action for damages for breach of the contract.

Judgment affirmed, with costs to plaintiff.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, NORTH, and McALLISTER, JJ., concurred.