Saul S. Street, J.
A motion by plaintiffs for injunctive relief is met by a cross motion to dismiss the complaint on various grounds. The cross motion will be considered first.
The cross motion seeks: (a) to dismiss the complaint as insufficient or to excise those subdivisions of paragraph 4 thereof which the court finds insufficient as conclusory, (b) to dismiss the complaint on the ground that Davidson, who purports to bring this action on behalf of the corporate plaintiffs, is not an officer or director of any of them and, therefore, lacks legal capacity to sue, and (c) to dismiss the complaint as to 5 of the 24 corporate plaintiffs on the ground that they have been dissolved.
The complaint contains four causes of action. Since the cross motion is addressed to the sufficiency of the complaint in its entirety, and not to the sufficiency of each separate cause of action, the cross motion must be denied if even a single good cause of action is stated (Advance Music Corp. v. American Tobacco Co., 296 N. Y. 79, 84). It is clear that the present pleading meets this test. The request that the court excise those subdivisions of paragraph 4 of the complaint ‘ ‘ which the court finds contain only conclusions and not allegations of fact ’ ’ is improper. It is for defendant to select the subdivisions which he claims to be improperly alleged and ask for their excision. He may not properly impose upon the court the task of deciding for itself which subdivisions to excise as defectively alleged. Such a procedure could result in the court’s excising subdivisions which defendant himself deems proper.
We turn now to defendant’s claim that Davidson never legally became president or director of plaintiff corporations and therefore may not maintain this action on their behalf. The documents annexed to Davidson’s supplemental affidavit show that he is the record stockholder of The Sire Plan, Inc., The Sire Plan Management Corp., The Small Investors Real Estate Plan, Inc., and Sire Plan Funding Corp., four of the plaintiff corporations. As such he possessed the right to vote the number of shares standing in his name (Stock Corporation Law, § 47), even if he held the stock only as security for a default which had not occurred. Section 47 provides that ‘ ‘ [ejxcept in cases of express trust ” the record holder of stock held as security shall upon demand and payment of expenses, issue a proxy to the pledger or actual owner. It is unnecessary to decide whether this is a case of u express trust ” within the meaning of the statute, for *922 on December 27, 1962, the date of the various meetings at which Davidson voted the stock, as far as appears there had been no such demand by defendant. An even more compelling reason for upholding Davidson’s right to vote the stock standing in his name is the fact that The Sire Plan, Inc., prior to Davidson’s voting of the stock, had been in default for more than 30 days in the payment of principal and interest on notes issued by it, to secure the payment of which the stock of itself and the three other corporations had been issued to Davidson.
Defendant cites Fisk Discount Corp. v. Brooklyn Taxicab Trans. Co. (270 App. Div. 491) for the proposition that Davidson’s right to vote the stock issued in his name “ as trustee ”, depends upon the terms of the trust. Defendant urges that under the trusts the sole right of the trustee, as to collateral pledged with him, in the event of default is to sell the collateral. Examination of the trust documents reveals, however, that this remedy is permissive only, not exclusive, and that the trustee possesses all the rights ordinarily available to a pledgee of stock upon default, including the right to vote the stock, pursuant to section 47 of the Stock Corporation Law.
Since the stock held by Davidson constituted all the issued and outstanding common stock of the four corporations above referred to, Davidson was the sole common stockholder. The by-laws of The Sire Plan, Inc., provide that “ any director may be removed at any time by the affirmative vote of the holders of a majority of the shares then outstanding and entitled to vote, at a special meeting called for that purpose.” In the light of the fact that Davidson was the sole stockholder, his action in voting for the removal of the directors without causing defendant or the directors to call a special meeting for that purpose was a mere irregularity, which Davidson, as the only stockholder, could waive. The provisions of the by-law for the calling of a special meeting were intended for the benefit of the stockholders and may be waived by them if present at the meeting (5 Fletcher, Cyclopedia of Corporations, § 1999). The various debenture trust agreements contain covenants that the corporate by-laws will permit the terms of office of the board of directors 1 ‘ to terminate on any date set forth in a written request addressed to the Corporation, by the holders of a majority in interest of the Common Stock and that a Special meeting of the stockholders be held on the same date for the election of a new bo'ard of directors.” Under such by-laws, no special meeting of the stockholders was necessary to effect the termination of the directors’ terms of office. It follows that *923 Davidson, in view of existing defaults upon obligations which the stocks standing in his name were intended to secure, validly voted the stock for the removal of the existing directors and that his election as a director and president of the four corporations was valid.
The same observations are applicable to eight plaintiff corporations which were wholly owned subsidiaries of The Sire Plan, Inc. After he became president of The Sire Plan, Inc., Davidson voted its stock in each of the eight corporations for the removal of its directors and for the election of himself and others as directors. The new directors then elected Davidson as their president. These eight corporations are: La Guardia Hotel Sire Plan, Inc., Sire 57th Street Plan, Inc., Preston House Sire Plan, Inc., Sire Post Office Plan, Inc., Sire Plan New York Building, Inc., Sire Plan of Tarry town, Inc., Sire Plan Parthenon Building, Inc., and Sire Plan of Elmsford, Inc. One of the above eight corporations owns all the stock of La Guardia East Sire Plan Hotel, Inc. A similar procedure was followed as to the latter corporation.
Defendant urges that Davidson had been removed as trustee of the various security issues involved in this action by a resolution of each corporation adopted by vote of himself as sole stockholder. However, as previously indicated, in the case of four of the corporations, defendant was not the record stockholder and, therefore, had no right to vote the stock. One of the four, as already indicated, controlled eight others directly and one indirectly, and defendant’s vote could not affect said nine corporations. Moreover, meetings at which defendant purported to vote for the removal of Davidson as trustee occurred on the night of December 27, 1962, after the meetings on the same day which resulted in Davidson’s election as president and director of plaintiff corporations. It is to be noted, also, that although Davidson was the record owner of the stock of four of the corporations, he received no notice of the meetings at which resolutions for his removal as trustee were adopted.
As to plaintiff corporations, Sire Plan Leaseholds, Inc., and Sire Plan Portfolios, Inc., although their common stock was pledged to Davidson as security for the obligations of The Sire Plan, Inc., there is nothing to indicate that Davidson ever became the record holder of such stocks, and no claim that he became such record holder is even made. Until and unless he had the stock ownership transferred to his name on the corporate records, he was, therefore, not entitled to vote the stock. His election as director and president was, therefore, invalid.
*924 No attempt is made to explain how Davidson became president of plaintiff, Sire 30th Street Plan, Inc., and he may, therefore, not sue in its behalf.
The remaining eight corporate plaintiffs are stated by defendant to have been ‘‘ dissolved several years ago ’ ’. Plaintiffs make no denial of this claim. Moreover, there is no satisfactory showing that Davidson validly became president of these companies.
Insofar as defendant seeks dismissal on the ground of lack of capacity to sue, the motion is, accordingly, granted as to Sire Plan Leaseholds, Inc., Sire Plan Portfolios, Inc., Sire 30th Street Plan, Inc., and the eight “ dissolved ” corporations. In other respects, this branch of the cross motion is denied.
To the extent that the cross motion seeks dismissal of this action as to five corporations on the ground that they have been dissolved, it is denied as academic in view of the dismissal of the complaint as to them and three other dissolved corporations on the ground that Davidson lacks capacity to sue on their behalf.
Defendant may answer within 20 days from the service of a copy of the order to be entered hereon with notice of entry.
There remains for consideration plaintiffs’ motion for injunctive relief. Plaintiffs seek to restrain defendant from purporting to exercise the rights or powers of director or officer of any of plaintiff corporations and from interfering with Davidson’s inspection and audit of all the corporate records. Plaintiffs are clearly entitled to the relief sought, except as to those plaintiffs as to which the cross motion to dismiss the complaint has been granted.
It appears from the papers before the court that Davidson is trustee for thousands of persons who have invested in real estate, notes and debentures of the various corporations here involved, all of them creatures of defendant. The Attorney-General of this State had communicated with Davidson prior to the commencement of this action about complaints the Attorney-General had received from investors that they had not received payments. Numerous letters to the same effect had been received by Davidson. The latter has been served with subpoenas, issued by the Attorney-General, calling for the production of corporate books before the Grand Jury in a criminal proceeding prosecuted by the People against defendant. The affidavits submitted on behalf of plaintiffs show defaults in principal and interest, by The Sire Plan, Inc., as well as overdrawal of its bank account; an excess of liabilities over assets, as carried on its books, of about $1,390,000; large loans to defendant; a loss of about $360,000 for the year ending June 30, *925 1962; the existence since that time of substantial expenses without substantial income; defaults on mortgages on properties held by investors as tenants in common; defaults in taxes, etc. Charges are made that defendant has been using funds obtained from investors for purposes unrelated to those for which the money was invested. The Attorney-General has applied for leave to intervene in this action and his application has been granted.
It is obvious that the public interest requires that a temporary receiver be appointed for those corporations as to which the cross motion to dismiss has been denied, to guard against and prevent defendant from receiving and misapplying rents and other funds properly belonging to said corporations. A proper protection of the interests of the thousands of investors involved demands that the affairs of the corporations be managed, pending the result of the trial, by an able and impartial designee of the court.