## (February 24, 1976)

◼ JAMES E. SIMON, Respondent, v ERNEST L. BOYER, as Chancellor of the State University of New York, et al., Appellants.—Judgment unanimously reversed, on the law, without costs, and complaint dismissed. Memorandum: Petitioner was employed as an instructor in the Department of Physical Education for Men at the State University of New York at Buffalo from 1965 to 1969. On July 1, 1969 he was appointed to the position of assistant professor of physical education and served in that capacity until June, 1972. In the summer of 1971, just prior to the commencement of petitioner's seventh year of university service, his employment record was reviewed by the president's board on faculty promotion and tenure which recommended to the Chancellor of the State University that petitioner be denied tenured status and that his employment be terminated at the end of the next academic year. Because petitioner had been employed by the university for more than two years, he was entitled to 12 months' notice that he was not to be reappointed (8 NYCRR 335.14 [c]), but such notice was not given petitioner until December 21, 1971. Petitioner thereupon commenced a grievance proceeding under the collective bargaining agreement in effect between the university and its professional employees, contending that because he was not timely notified of his termination he was entitled to be reappointed for another full academic year commencing in September, 1972 and that such reappointment must carry with it an automatic conferral of tenure under 8 NYCRR 335.4 (b). The grievance proceeding culminated in arbitration, under a broad stipulation of power in the arbitrator, and an award was made directing that petitioner be reappointed for an additional academic year but without tenured status. Throughout these grievance proceedings petitioner urged that under the terms of the collective bargaining agreement and the stipulation the arbitrator was empowered to award him tenure as an appropriate remedy. Petitioner commenced this proceeding as an action for a declaratory judgment seeking a determination that the arbitrator was without power to grant him tenure under the collective bargaining agreement and ordering that tenure be conferred upon

him notwithstanding the arbitrator's award. Special Term converted the action to a special proceeding under article 78 of the CPLR and granted summary judgment in petitioner's favor. We think Special Term was in error. Reappointment in nontenured status, or back pay in lieu of reappointment, is the appropriate remedy for failure to give timely notice of reappointment in situations, such as this *(Matter of Alberti v County of Erie,* 46 AD2d 725; *Board of Educ. of Chautauqua Cent. School Dist. v Chautauqua Cent. School Teachers Assn.,* 41 AD2d 47). Petitioner's appointment for an additional year in a special capacity did not grant him tenure rights. Tenure may not be conferred by a back-door maneuver *(Legislative Conference of City Univ. of N. Y. v Board of Higher Educ. of City of N. Y.,* 38 AD2d 478, affd 31 NY2d 926). Furthermore, by attempting to enforce provisions of the collective bargaining agreement so as to confer power upon the arbitrator to award tenure, petitioner elected his remedy and cannot later be heard to repudiate those same terms and contend that such power was not conferred *(Merry Realty Co. v Shamokin & Hollis Real Estate Co.,* 230 NY 316). For purposes of the doctrine of election of remedies, inconsistent remedies are those which proceed on opposite and irreconcilable claims of rights *(Henry v Herrington,* 193 NY 218). The test is whether the facts necessary to support one remedy are consistent with the facts necessary to support the other *(Lumber Mut. Cas. Ins. Co. of N. Y. v Friedman,* 176 Misc 703). (Appeal from judgment of Erie Supreme Court granting petition in article 78 proceeding for reinstatement.) Present—Marsh, P. J., Moule, Mahoney, Dillon and Witmer, JJ.