OPINION OF THE COURT
Leon D. Lazer, J.
Embroiled in a dispute with other stockholders, Stewart Becker, Ltd. (Becker) and another petitioner, each claiming to be the holder of 25% of the corporate stock of Indian Head Tennis Club, Inc. (the corporation), seek to dissolve the corporation pursuant to section 1104 of the Business Corporation Law. In their answer the respondents, Herbert Horowitz and Louis Schure, holders of the remaining 50% of the corporate stock, have pleaded various affirmative defenses and alleged, inter alia, that petitioners do not hold the requisite percentage of shares to petition for dissolution and that the underlying agreement among stockholders and with the corporation (the corporate agreement) contains a provision for arbitration of disputes. Respondents now move to compel arbitration and to stay the dissolution proceedings and, by separate motion, to dismiss the petition.
According to petitioners, the shareholders, all of whom are also officers and directors, are so divided concerning the management of the corporation that the votes required for board of directors action cannot be obtained. The differences *769 between the two factions, it is averred, relate to corporate personnel, the manner in which one of the shareholders devoted his time to corporate business, the arbitrary changing of locks, the failure to maintain corporate books and records on the premises, the commencement of foreclosure proceedings on a second mortgage held by Horowitz and Schure’s mother, the failure of the shareholders to agree on the issue of raising funds to meet arrears in payments due on the mortgage and taxes due, the fact that one of the respondent shareholders resides at the club without paying compensation, that the petitioners and respondents cannot agree upon a corporate attorney, and that there is litigation between one of the petitioners and one of the respondents. Petitioners also claim that respondents seek to delay dissolution in order to increase the benefits to be realized on the foreclosure sale.
The dismissal motion is based upon the contention that Becker, whose shares are being held in escrow, is not a "holder” of stock under subdivision (a) of section 1104 of the Business Corporation Law which provides that:
"(a) Except otherwise provided in the certificate of incorporation under section 613 (Limitations on right to vote), the holders of one-half of all outstanding shares of a corporation entitled to vote in an election of directors may present a petition for dissolution on one or more of the following grounds:
"(1) That the directors are so divided respecting the management of the corporation’s affairs that the votes required for action by the board cannot be obtained.
"(2) That the shareholders are so divided that the votes required for the election of directors cannot be obtained.
"(3) That there is internal dissension and two or more factions of shareholders are so divided that the dissolution would be beneficial to the shareholders.”
Becker purchased its sharehold interest pursuant to the corporate agreement which provides that $75,000 of the $150,-000 purchase price for Becker’s stock is to be paid in 180 monthly installments and that the shares and Becker’s assignment of them to the corporation be held in escrow by the corporate attorney until payment of the full price. The agreement further provides that Becker is to enjoy all voting rights and the right to receive "dividends accruing from the ownership of such stock.” The validity of the agreement under subdivisions (a), (b) and (h) of section 504 of the Business *770 Corporation Law has not been placed in issue here (see Frankowski v Palermo, 47 AD2d 579).
To defeat the dismissal motion, petitioners must show that they are "holders of one-half of all outstanding shares * * * entitled to vote in an election of directors.” Since Becker has full voting rights under the corporate agreement the issue is whether Becker is a "holder” within the meaning of subdivision (a) of section 1104 of the Business Corporation Law. Under the Uniform Commercial Code definition, Becker would not appear to be a "holder” since that statute treats investment securities as negotiable instruments (Uniform Commercial Code, § 8-105, subd [1]) and defines a "holder” as "a person who is in possession of a document of title or an instrument or an investment security drawn, issued or indorsed to him or to his order or to bearer or in blank” (Uniform Commercial Code, § 1-201, subd [20]; emphasis supplied). Thus, under the Uniform Commercial Code definition of "holder” possession is a significant factor and the possessor is a holder without regard to the legality or propriety of his possession (1 Anderson, Uniform Commercial Code, § 1-201:66).
There is no definition of "holder” in the Business Corporation Law, although whenever the requirement for a percentage vote is stated in that statute the term is used in the same manner as it is in section 1104 (see, e.g., § 603, subd [a] [election of directors]; § 803, subd [a] [amendment of certificate of incorporation]; § 620, subd [d] [amendment of certificate of incorporation relative to powers of board of directors]; § 908 [corporate guarantee]; § 909, subd [3] [sale, lease, exchange or other disposition of substantially all corporate assets]; § 1103 [resolution to dissolve]; § 615, subd [a] [shareholders action without a meeting]; § 505, subd [d] [rights or options granted to directors, officers and employees]). Under the Business Corporation Law possession is not the criterion by which the right to vote is determined — the test is simply what appears on the record (see Matter of Salvator, Inc., 268 App Div 919; Sire Plan v Mintzer, 38 Misc 2d 920). Thus, subdivision (a) of section 612 provides that every "shareholder of record” shall be entitled at every meeting of the shareholders to one vote for every share standing in his name on the record of shareholders unless otherwise provided in the certificate of incorporation. Section 604 provides for the fixing of a "record date” for the "purpose of determining the shareholders entitled to notice of or to vote at any meeting of shareholders”, and *771 section 607 provides that a list of shareholders as of the record date shall be produced at any meeting of shareholders upon request and that all persons who appear from such list to be "shareholders” entitled to vote thereat may vote at such meeting.
The record of shareholders is conclusive upon the election inspectors and they may not look behind the list to determine whether or not the record owners are the true owners entitled to vote the shares (Matter of Argus Co. v Manning, 138 NY 557), nor may shareholders of record be required to produce their share certificates as evidence of their continuing ownership before being permitted to vote (2 White, New York Corporations, par 607.01). The beneficial or true owners or any other person entitled to possession of shares have no right to vote if they are not record holders (Matter of Salvator, Inc., supra). If shares are transferred after the record date is fixed but before the meeting, the transferees have no right to vote the shares (Flagg-Utica Corp. v Baselice, 14 Misc 2d 476) and a shareholder whose shares are pledged is entitled to vote his shares until they have been transferred to the name or nominee of the pledgee (Business Corporation Law, § 612, subd [e]).
Respondents argue further, however, that a "holder” under subdivision (a) of section 1104 of the Business Corporation Law must also be an owner, but even if this questionable contention is deemed meritorious (see Matter of Three Hundred Fifty West Forty-Sixth St, 20 AD2d 685; Matter of Evening Journal Assn., 1 NJ 437), it avails naught here. The relationship between a corporation and its stockholders is contractual (Swenson v Commissioner of Internal Revenue, 309 F2d 672); to constitute one a stockholder a subscription or contract whereby the right to hold stock or upon some condition to demand stock and to exercise the rights of a stockholder is required (Pacific Nat. Bank v Eaton, 141 US 227). Although a transfer of stock requires delivery (Uniform Commercial Code, § 8-309), title may pass by constructive delivery and, if the parties so intend, title passes to the buyer by delivery to an escrow agent for ultimate delivery to the buyer upon payment of the purchase price or part thereof (see Botsford v Heney, 12 Cal App 380; Bankers’ Trust Co. v Rood, 211 Iowa 289; Litteral v Houser, 221 Md 403; Short v Hollingsworth, 291 Mich 271). Although the instant agreement denies Becker the present right of possession of the certificate, it *772 gives it the right to obtain possession upon condition and otherwise treats Becker as an owner entitled to full voting rights as well as dividends. By any interpretation, therefore, Becker is a holder under subdivision (a) of section 1104 of the Business Corporation Law and the dismissal motion must be denied.
Nevertheless, survival of the petition does not mandate a judicial remedy for the petitioners. Respondents’ separate motion to compel arbitration is based upon a clause in the corporate agreement which provides that "[i]n the event of any dispute between or among the parties” the "dispute shall be settled by arbitration.” It is well settled that where the stockholders of a corporation have entered into a broad arbitration agreement which subjects to arbitration issues which might be the predicate of a claim for dissolution, it is appropriate to stay the dissolution and direct arbitration (Matter of Siegel v 141 Bowery Corp., 80 Misc 2d 255, affd 51 AD2d 209; Matter of Moskowitz v Surrey Sleep Prods., 30 AD2d 820; Matter of Myers (Leibel), 279 App Div 984, affd 304 NY 656; Matter of Cohen (Michel), 183 Misc 1034, affd 269 App Div 663, app den 269 App Div 690). The instant arbitration clause clearly encompasses the allegations of mismanagement and disagreements contained in the petition.
Petitioners’ further contention that the respondents waived arbitration by the commencement of an action to foreclose the second mortgage is meritless. A stockholder who brings an action against the other parties to a shareholders agreement containing a broad arbitration clause does not waive the right to seek arbitration of other and different issues (Denihan v Denihan, 34 NY2d 307; see, also, Armco Steel Corp. v Renago Constr., 34 AD2d 887, mot for lv to app den 27 NY2d 483). For the purposes of the doctrine of election of remedies, inconsistent remedies are those which proceed on opposite and irreconcilable claims of rights (Simon v Boyer, 51 AD2d 879), and there is no issue of election of remedies where there are distinct causes of action arising out of separate and distinct facts (Hoehn v Schenck, 221 App Div 371). Here, the mortgage foreclosure action brought by Horowitz and by Schure’s mother and arbitration of the issues raised in the petition are separate remedies arising out of separate and distinct facts. Petitioners do not dispute that the mortgage debt is in arrears but assert that the shareholder-directors could not agree on the issue of raising the funds necessary to *773 meet the payments. Rights and remedies are inconsistent only when the same evidence is necessary in both actions (Matter of Tate v Estate of Dickens, 276 App Div 94) which is clearly not the case here.
The motion to dismiss the petition is denied; the motion to compel arbitration and stay the dissolution proceeding is granted. Respondents shall, within 20 days after service of a copy of the order to be entered hereon, serve a notice of intention and demand for arbitration setting forth the disputes sought to be arbitrated and the relief demanded.