# STATE OF MICHIGAN

# COURT OF APPEALS

---

DONNA WALKER, WILLIAM WALKER, and
HEAD TO TOES MASSAGE THERAPY OF
OXFORD, INC.,

        Plaintiffs-Appellants,

v

OTIS M. UNDERWOOD, JR.,

        Defendant-Appellee.

UNPUBLISHED
September 7, 2017

No. 332129
Oakland Circuit Court
LC No. 2015-145545-CK

---

DONNA WALKER, WILLIAM WALKER, and
HEAD TO TOES MASSAGE THERAPY OF
OXFORD, INC.,

        Plaintiffs-Appellees,

v

OTIS M. UNDERWOOD, JR.,

        Defendant-Appellant.

No. 333160
Oakland Circuit Court
LC No. 2015-145545-CK

---

Before: SHAPIRO, P.J., and GLEICHER and O'BRIEN, JJ.

O'BRIEN, J. (*concurring in part and dissenting in part*)

I disagree with the majority's conclusion that holding the parties to their agreed upon remedies "requires the insertion of a word or words limiting the available remedies for breach to those specified." Therefore, I respectfully dissent to that portion of the majority's opinion.

The majority recognizes the canon *expressio unius est exclusio alterius* (the expression of one thing is the exclusion of another) in a footnote but refuses to apply it to the parties' contract. In my opinion, the majority's refusal to even consider this rule of construction ignores the fact that this rule is only "a tool to ascertain" the parties' intent and "does not automatically lead to results." *Luttrell v Dep't of Corrections*, 421 Mich 93, 107; 365 NW2d 74 (1984). The rule is one "of logic and common sense," *Hackel v Macomb Co Comm*, 298 Mich App 311, 324; 826

-1-

NW2d 753 (2012) (citation and quotation marks omitted), and it "cannot govern if the result would defeat the clear . . . intent" of the parties, see *AFSCME v Detroit*, 267 Mich App 255, 260; 704 NW2d 712 (2005). Based on the parties' decision to identify specific remedies and list them in their contract, we can ascertain that they intended for those specific remedies to be available in the event of a breach. Nothing in the contract or otherwise tends to show that they intended for other remedies to be available. Thus, the only logical conclusion is that the parties intended to limit their available remedies to those specified in their contract. If, as the majority suggests, the parties did not intend to limit their available remedies, then there would have been no need to specify any remedies in the first place. Rather, the parties simply could have stated, "The failure of either party to perform the preliminary duties outlined in this agreement will permit the obligee of the duty to seek any remedy available under the law." But instead, the parties chose to list the available remedies. To now ignore those listed remedies renders them utterly meaningless, which I refuse to do. See *Nat'l Pride At Work, Inc v Governor of Michigan*, 481 Mich 56, 70; 748 NW2d 524 (2008) ("[A]n interpretation that renders language meaningless must be avoided."). Moreover, to allow plaintiffs to pursue a remedy that was not listed adds a provision to the contract that simply is not there. See *Sandusky Grain Co v Borden's Condensed Milk Co*, 214 Mich 306, 311; 183 NW2d 218 (1921) ("Courts may not arbitrarily read provisions out of or into [parties'] contracts in order to make [a party] liable or make new contracts for [the obligors] and the obligees.").

Further, I do not agree with the majority that the contract's use of the word "permit" in its remedy clause bears any weight on the interpretation of this agreement. Based on my reading of the contract, the word "permit" is used in the sense that plaintiffs have permission to pursue one of the agreed upon remedies in the event that Underwood does not fulfill his duties under the agreement. In other words, "permit" is permissive with regard to whether or not plaintiffs choose to pursue one of the agreed upon remedies, not with regard to the remedies themselves. And with regard to the majority's reliance on *Short v Hollingsworth*, 291 Mich 271; 289 NW 158 (1939), I find that this case is distinguishable because, unlike in *Short*, the parties in this case listed multiple remedies. Moreover, the language at issue in the contract from *Short* was drastically different from the language used in the contract before us: "shall" and "may" are traditionally recognized as contrasting permissive and mandatory language, see *Perkovic v Zurich American Ins Co*, 500 Mich 44, 61-62; 893 NW2d 322 (2017) (" 'May' generally denotes something that is permissive rather than mandatory, in contrast to the word 'shall' "), whereas "will permit" and "will be signed" or "will have procured" are not. Accordingly, I would affirm the trial court's order granting summary disposition pursuant to MCR 2.116(C)(8) in favor of Underwood in Docket No. 332129. I do agree, however, that Underwood's cross appeal in Docket No. 333160 is without merit.

/s/ Colleen A. O'Brien