■ EDMOND WEIL, INC., Respondent, v. DAVID PINTOW, Appellant.— Order, entered on September 17, 1963, insofar as it denied defendant's cross motion to stay the action, unanimously modified, on the law, with $20 costs and disbursements to appellant, and the action is stayed. The agreement referred to in the complaint is one of employment. It contains the following arbitration clause: " 9) In the event of any dispute as to the terms or fulfillment of this agreement between parties hereto, which shall not be settled by such parties, said dispute shall be submitted for arbitration ". The complaint alleges *inter alia*, that defendant did various acts " in breach of his contractual obligation ". It is further evident from an over-all reading of the complaint that much that is complained of stems from defendant's alleged breach of the contract. Such matters are within the scope of the arbitration clause and defendant has a right to have them resolved in the arbitral forum. Whether or not the complaint alleges other wrongful acts exclusively tortious in nature and arising dehors the contract is of no consequence. The plaintiff, by a joinder of claims in its complaint, may not unilaterally deprive defendant of his right to arbitrate those questions which the parties expressly relegated to the arbitral forum for resolution. To permit the continuance of this action as presently constituted would deprive defendant of his right to arbitrate. Accordingly, it must be stayed. While we need not determine whether the complaint does allege any tortious conduct independent of the contract it would appear that it does not. The agreement provides that the defendant " agrees to devote his full time each business day to the business of the Company." Implicit in that agreement — as indeed in any such employment contract — is the obligation of the employee to use his best efforts in the interests of his employer and not to do anything in the course of his employment detrimental to such interests. Particularly should he not willfully harm the corporation he has contracted to serve. Paraphrasing the court's language in the case of *Matter of Kilgore Mfg. Co.* (*New Hampshire Fire Ins. Co.*)

(280 App. Div. 332, 335) "It may very well be that" the complaint alleges acts tortious per se "but, if so, they have only a bearing on whether or not there was a breach of the terms of the contract." Concur — Breitel, J. P., Rabin, Valente, McNally and Steuer, JJ.