■ M. LOWENSTEIN & SONS, INC., Appellant, v MR. CONDOTTI, LTD., et al., Respondents.—Order of the Supreme Court, New York County, entered September 16, 1977, which granted petitioner's application to compel arbitration to the extent of ordering a trial to determine whether one or more valid arbitration agreements exist between petitioner and respondents, and granted petitioner's application for a temporary stay until entry of judgment herein, unanimously modified, on the law, without costs or disbursements, so as to direct arbitration between petitioner and respondents as provided in "Arbitration Agreement" appearing on reverse side of each "Price Quotation", said arbitration to be held in the City of New York as provided therein, pertaining to the claims for loss or damage by reason of fire or other casualty arising out of or affecting any goods described in the agreements, contracts or orders annexed to the petition as Exhibits A-I through A-VII and, pending such arbitration, to stay suits, actions or proceedings instituted by respondents against petitioner, in any court, State or Federal, concerning the controversy thereunder, and otherwise affirmed. The "Price Quotations" under which respondents delivered goods to petitioner's processing plant in South Carolina (where they were destroyed or damaged by fire on Jan. 20, 1976) contained, on both sides of said documents, provisions requiring arbitration. On the front side is found the following: "All controversies shall be subject to arbitration as provided on

reverse side hereof." The reverse side, under the heading "Arbitration Agreement" provides: "All claims, differences and/or controversies arising under or out of or in relation to this instrument and of any contract arising therefrom and any order accepted thereunder, shall be settled by arbitration to be held in the City of New York, in accordance with the rules then obtaining of the General Arbitration Council of the Textile Industry, or its successor." Contained also in the documents is a provision that "All goods are at your risk of damage by fire or sprinkler leakage and all other casualties while in transit or in our possession." Despite the provisions calling for arbitration, respondents instituted suit against petitioner in the United States District Court for the District of South Carolina, Greenville Division, seeking damages for loss of the goods by the fire. Petitioner asserts that although the Federal suit has or will be dismissed on consent because there is no diversity of citizenship, respondents "have threatened to institute litigation in another court or courts to recover such damages as is sought in the action in which it has consented to a dismissal." Petitioner, therefore, seeks continuation of the stay contained in the order of September 16, 1977. Respondents argue that their claims "for negligent damage * * * to [respondent's] goods arising out of a fire occurring in the petitioner's processing plant in a sister state far removed [respondent's] domicile" were not arbitrable under these documents; that there was no express agreement to arbitrate such claims; and further, they oppose any stay of their suits relating to these claims. Resort to arbitration has been the custom and usage in the textile industry *(Matter of Helen Whiting, Inc. [Trojan Textile Corp.],* 307 NY 360) and it has been held that clear reference, as here, to arbitration in a textile industry form was sufficient to bind the parties *(Matter of Gaynor-Stafford Inds., [Mafco Textured Fibers],* 52 AD2d 481). In the case before us, the claims herein of respondents for damages are within the broad terms of the arbitration clauses contained in the "Price Quotations". (see *Matter of Siegel v 141 Bowery Corp.,* 51 AD2d 209; see, also, *Katich v Smith,* 35 AD2d 930; and *Edmond Weil, Inc. v Pintow,* 20 AD2d 537.) Accordingly, in the circumstances presented, respondents and their agents and attorneys are stayed, pending arbitration as herein provided, from instituting or proceeding with any suit, action or proceeding in any court, State or Federal, pertaining to the claims for loss or damage by reason of fire or other casualty arising out of or affecting any goods described in the agreements, contracts or orders annexed to the petition as Exhibits A-I through A-VII *(Matter of Wolff Co. [Tulkoff],* 9 NY2d 356). We have considered respondents' argument of *forum non conveniens,* that if the court "is constrained for any reason to have the claims passed upon by arbitrators, that the said claims be heard and passed upon by arbitrators in South Carolina". We conclude, however, that arbitration shall be held in the City of New York, as provided in the "Arbitration Agreement" clause afore-mentioned. We have also considered the other contentions of respondents and find them to be without merit. Settle order on notice. Concur—Kupferman, J. P., Birns, Silverman, Evans and Fein, JJ.