■ In the Matter of the Arbitration between TARPON COVE, LTD., Respondent, and TAYLOR WOODROW BLITMAN PROPERTY CORP. OF FLORIDA, Appellant. — Order, Supreme Court, New York County (Kirschenbaum, J.), entered July 6, 1984, which, *inter alia,* granted petitioner's motion to stay arbitration, unanimously reversed, on the law, with costs and disbursements, the motion for a stay of arbitration denied, and the cross motion to compel arbitration and stay a related Florida action granted.

On January 2, 1980, Tarpon, a limited partnership and owner of unimproved property in Florida, entered into a management and development agreement with Taylor for the planning, marketing and management of the property. The contract provided that "[a]ny dispute under this agreement shall be settled by arbitration in the City of New York." It also contained a termination clause which provided for termination by either party upon notice to the other. After such notice the agreement was to cease, and "neither party shall have any claim against the other arising hereunder" except for certain denominated termination costs. The contract was to be construed in all respects as if it were a contract executed in the State of New York, wholly to be performed there and in accordance with New York law.

On March 16, 1982, Tarpon gave notice of termination. Negotiations to settle Taylor's claim for $268,930.50 in termination costs and $89,765.22 in reimbursement of certain other costs proved unsuccessful. And on February 1, 1984, Taylor gave notice of its intention to demand arbitration. The next day, before Taylor could serve its demand, Tarpon brought an action in a Florida State court against Taylor and each of its affiliates involved in the project, alleging, *inter alia,* breach of contract and fiduciary obligations and a right to indemnity based on Tarpon's liability to certain condominium purchasers for breach of warranty. Eight days later, Taylor demanded arbitration, asserting Tarpon's failure to pay termination costs ($268,930.50) and to reimburse Taylor for its direct costs ($89,765.22). Taylor also included the claims asserted against it by Tarpon in the Florida action as a subject of the arbitration demanded. Tarpon moved for a stay of arbitration, alleging that since the management and development agreement had been canceled, the parties' obligation to arbitrate was extinguished. In granting the stay Special Term agreed with Tarpon's argument, finding that upon termination the arbitration clause "ceased to have any effect." This was error and, accordingly, we reverse.

Contrary to Tarpon's suggestion, this is not a case of a cancellation, by mutual consent, of an entire contract, including the

arbitration clause, as in *Matter of Minkin* (*Halperin*) (279 App Div 226, affd 304 NY 617). There, the court held that in such circumstances the question of whether the termination agreement had been fraudulently induced was a preliminary question for judicial resolution. Here, no question of mutual cancellation exists. Tarpon unilaterally canceled the agreement, pursuant to a contractual right to do so. Absent a mutual agreement to nullify an agreement completely, an arbitration clause is enforceable, notwithstanding a subsequent termination of the agreement or a general release of claims. (See *Matter of Schlaeifer v Sedlow*, 51 NY2d 181.) Thus, the question of whether Taylor is entitled to recover the sums it seeks pursuant to the termination provision of the agreement, as well as the issue of Taylor's alleged breach of the agreement, which is the subject of the Florida litigation, is for the arbitrators. Even the effect upon arbitrability, if any, of the termination of the agreement is itself a question for the arbitrator. (*Matter of Cassone*, 63 NY2d 756.) We note that Tarpon's commencement of the Florida action, alleging Taylor's breach of the agreement, is a tacit concession that it does not regard the agreement as "having been 'cancelled' in any real sense". (*Matter of Terminal Auxiliar Maritima* [*Winkler Credit Corp.*], 6 NY2d 294, 298.)

The arbitration clause is a broad one; the agreement between Tarpon and Taylor clearly provided that Tarpon's duty to pay Taylor would survive termination of the agreement. Both parties agree that the acts which gave rise to Tarpon's breach of contract action all occurred before the agreement was terminated. Unless Taylor retained the right to arbitrate these issues upon termination, the arbitration clause would be meaningless. (See *Matter of Terminal Auxiliar Maritima* [*Winkler Credit Corp.*], 6 NY2d, at p 298.)

In light of our determination to compel arbitration, Tarpon and its agents should be stayed from proceeding in the Florida action pending completion of the arbitration proceedings. (See *Hamilton & Co. v American Home Assur. Co.*, 21 AD2d 500.)

Finally, we note that even if Federal law were to apply, the result would be the same. (*Nolde Bros. v Bakery Workers*, 430 US 243, 252-254.) Concur — Murphy, P. J., Sullivan, Ross, Asch and Kassal, JJ.