OPINION OF THE COURT
Peter F. Cohalan, J.
Ordered that this motion by petitioner B. Schiavo & Sons Steel Corp. to stay arbitration pursuant to CPLR 7503 (b) is *357 hereby denied, and the temporary restraining order previously issued is hereby vacated.
Petitioner and respondent entered into a written contract on February 2, 1986 for the construction of a new office building owned by respondent.
Respondent claims that petitioner failed to perform in a timely manner and in a good and workmanlike manner, did not cure defects even though proper notification was given and as a result terminated the contract. Respondent subsequently contracted out to another firm to complete the project and perform the necessary corrective work.
Petitioner thereafter filed a notice of mechanic’s lien in the amount of $67,913 on April 18, 1987 which respondent claims is grossly exaggerated. On July 3, 1987 respondent commenced an arbitration proceeding against the petitioner by service of a demand for arbitration alleging breach of agreement, delay and willful exaggeration of a lien. Petitioner counterclaimed on July 14, 1987 seeking $67,913 for money damages on the amount allegedly due under the contract. Petitioner then moved by order to show cause dated July 16, 1987 to stay the arbitration pursuant to CPLR 7503 (b) upon the ground that there is no agreement to arbitrate that part of the respondent’s demand for alleged willful exaggeration of the lien.
For the following reasons, petitioner’s motion to stay arbitration is denied and the temporary restraining order previously issued pending that determination is hereby vacated and the matter is remitted to arbitration.
CPLR article 75 and 7503 (b) in particular, which deals with arbitration, provides in part: "[A] party * * * may apply to stay arbitration on the ground that a valid agreement was not made or has not been complied with”. Thus, the court’s role is limited and its sole inquiry is directed to whether the parties agreed to arbitrate the particular matters at issue; one to be decided within the framework of their agreement. In the ,instant matter, article 13 of the contract entered into between the parties is a broad arbitration provision providing for the resolution of "all claims or disputes * * * relating to the contract * * * or the breach thereof * * * shall be decided by arbitration”. Clearly, the present dispute falls within the realm of the broad arbitration clause entered into by the parties.
Petitioner’s sole claim in attempting to avoid the requirement of arbitration rests on his interpretation of the effect of *358 Lien Law §§ 39 and 39-a which provides for penalties in the event of a willful exaggeration of a mechanic’s lien. The court finds petitioner’s argument in support of the stay of arbitration unpersuasive.
Lien Law §§ 39 and 39-a clearly state that the penalty provision is applicable and may be established only in "any action or proceeding to enforce a mechanic’s lien”. (See, Upstate Bldrs. Supply Corp. v Maple Knoll Apts., 37 AD2d 901, 902 [4th Dept 1971]; Matter of Maloney Contr. Corp. v Blume, 85 Misc 2d 838, 839 [1976].) That situation has not arisen in the case presently before the court. Petitioner does not seek to enforce the lien, merely stay arbitration. Respondent Acworth merely seeks, pursuant to the broad arbitration provisions entered into by the parties, to resolve the present dispute by having the arbitrator fix the rights and liabilities of the parties.
In Maross Constr. v Central N. Y. Regional Transp. Auth. (66 NY2d 341, 345-346 [1985]), the New York Court of Appeals noted: "Where the parties have expressly agreed to arbitrate their disputes, it remains to be determined whether the subject matter of the dispute is one that may be submitted to arbitration without violation of any law or public policy and, if so, whether it falls within the scope of the arbitration agreement. (See, Matter of Franklin Cent. School [Franklin Teachers Assn.], supra, at p 355.) Hence, where jurisdiction over a particular type of dispute is statutorily bestowed exclusively upon the courts (see, e.g., Matter of Knickerbocker Agency [Holz] 4 NY2d 245; cf. Matter of South Colonie Cent. School Dist. [South Colonie Teachers Assn.], 46 NY2d 521, 525-526) or where judicial, as opposed to arbitral, enforcement of particular rights and prohibitions is mandated by public policy (see, e.g., Board of Educ. v Areman, 41 NY2d 527; Matter of Aimcee Wholesale Corp. [Tomar Prods.] 21 NY2d 621), an agreement to arbitrate will not be given effect by the courts. Otherwise, where no such conflict with law or public policy exists, the courts will enforce the parties’ contractual decision to submit their disputes to arbitration (see, Matter of Sprinzen [Nomberg] supra, at pp 631-632). Moreover, while a specifically enumerated restriction upon arbitral authority will be upheld by the courts (see, Matter of Silverman [Benmor Coats] supra, at p 308; Matter of United Nations Dev. Corp. v Norkin Plumbing Co., 45 NY2d 358, 364), no such limitation upon either factual or legal dispute resolution will be inferred from a broadly worded contractual provision expressly calling for *359 the arbitration of all disputes arising out of the parties’ contract (Matter of Turner [Booth Mem. Hosp.], 63 NY2d 633; Matter of Albany County Sheriff’s Local 775 [County of Albany] 63 NY2d 654; Matter of Silverman [Benmor Coats] supra, at p 308; Matter of Board of Educ. v Dover-Wingdale Teachers’Assn., 61 NY2d 913).”
Lien Law §§ 39 and 39-a clearly impose sanctions or penalties which involve public policy issues and as such are outside the scope of the arbitral process. Thus, in Garrity v Lyle Stuart, Inc. (40 NY2d 354, 358 [1976]), the court stated: "The evil of permitting an arbitrator whose selection is often restricted or manipulatable by the party in a superior bargaining position, to award punitive damages is that it displaces the court and the jury and therefore the State, as the engine for imposing a social sanction.” (See also, Matter of Associated Gen. Contrs., N. Y. State Ch. [Savin Bros.] 36 NY2d 957, 962 [dissenting opn Breitel, Ch. J.].) Having thus concluded that sanctions as contemplated by Lien Law §§ 39 and 39-a are outside the scope of the arbitral process, the court is presented with a novel issue in this case as to whether the inclusion of the term "wilful exaggeration” in respondent’s demand for arbitration removes the matter from the arbitration process. The court concludes otherwise, and therefore petitioner’s motion to stay the arbitration process is denied. (Edmond Weil, Inc. v Pintow, 20 AD2d 537 [1st Dept 1963].)
The law provides that: "An agreement to arbitrate will not be presumed to be void as against public policy, if it may be construed in a manner which would make it consistent with the laws and valid”. (Mendelsohn v A & D Catering Corp., 100 AD2d 209, 215 [2d Dept 1984].)
Under the circumstances as presented in this case, the use of the term "wilful exaggeration” by respondent in its demand for arbitration is merely surplusage and superfluous; inasmuch as it confers no greater power on the arbitrator to impose a penal or punitive sanction. That power to act "as the engine for imposing a social sanction” (Garrity v Lyle Stuart, Inc., supra, at 358) is clearly reserved to the State, i.e., the court.
Respondent merely seeks to have the dispute which has arisen between the parties settled in accordance with the agreement made between the parties to submit to arbitration. Since the provisions of the contract agreement provide for the arbitration of "all claims or disputes” the proper forum for *360 the resolution of the instant dispute is in the arbitral process. The arbitrator, under present case law, is without authority to impose punitive or penal sanctions nor may he impose the penalties as contemplated in Lien Law §§ 39 and 39-a. (See, Goodman v Del-Sa-Co Foods, 15 NY2d 191, 195 [1965].) Therefore, respondent’s inartfully drawn demand for arbitration which alleges among other things, a claim of willful exaggeration of a lien is of little import and confers no authority on the arbitrator to enforce those provisions of the Lien Law.
In light of the foregoing, the petitioner’s application by order to show cause to stay arbitration is hereby denied; the temporary restraining order staying the arbitral process is vacated and the matter is .remitted to arbitration as per the contract agreement.