■ JERRY HUTCHINS, Appellant, v PAINE WEBBER, INC., Respondent.—Mercure, J. Appeal from an order of the Supreme Court (Dier, J.), entered August 3, 1988 in Washington County, which, *inter alia,* granted defendant's cross motion to compel arbitration.

In January 1987, plaintiff commenced employment with defendant as a stockbroker and, in that connection, executed a uniform application for securities industry registration, section 5 of which contained the following language: "I [plaintiff] agree to arbitrate any dispute, claim or controversy that may arise between me and my firm [defendant], or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the organizations with which I register, as indicated in item 10* as may be amended from time to time."

Thereafter, plaintiff executed and delivered to defendant a promissory note in the sum of $55,000, given in exchange for the advancement of compensation by defendant. The instrument stated that defendant would forgive one third of the amount of the note on each of the first three anniversary dates of plaintiff's employment, provided plaintiff remained so

---

* It is undisputed that these organizations included the National Association of Securities Dealers and the New York Stock Exchange, and that their rules provided for the arbitration of, *inter alia,* disputes between a registered representative and any member or member organization arising out of the representative's employment.

employed. Furthermore, the note contained the following provision: "The Employee [plaintiff] agrees that any legal suit, action or proceeding arising out of or relating to this Note, may be instituted in the New York State Supreme Court, County of New York, waives any objection which the Employee may have now or hereafter to the venue of any such suit, action or proceeding, and irrevocably consents to the jurisdiction of the New York State Supreme Court, County of New York in any such suit, action or proceeding."

On March 31, 1988, plaintiff's employment was terminated by defendant and, shortly thereafter, defendant served a demand on plaintiff for the payment of $40,214.10, the balance it claimed was due on the note. In addition, defendant gave plaintiff notice of its intent to arbitrate any disputes concerning payment. In response, plaintiff commenced this declaratory judgment action and moved to stay arbitration pursuant to CPLR 7503, contending that the parties modified their broad arbitration agreement to exclude therefrom disputes arising in connection with the note. Defendant, in turn, cross-moved for an order compelling arbitration, maintaining that the questioned provisions of the note do not operate unless neither party invokes the right of arbitration and an action thereby ensues. Supreme Court denied plaintiff's motion and granted defendant's cross motion. Plaintiff appeals.

We affirm. It is well settled that once the parties to a broad arbitration agreement have made a valid choice of forum, all questions with respect to the validity and effect of subsequent acts or documents purporting or claimed to work a modification or termination of the substantive provisions of the original agreement, if in dispute, raise issues for the arbitrators and not for the court (see, Matter of Schlaifer v Sedlow, 51 NY2d 181, 185; Matter of Tarpon Cove [Taylor Woodrow Blitman Prop. Corp.], 105 AD2d 656, 657; Matter of Stein-Tex Inc. [Ide Mfg. Co.], 9 AD2d 288, lv denied 7 NY2d 711; cf., Matter of Minkin [Halperin], 279 App Div 226, affd 304 NY 617 [undisputed cancellation of agreement containing arbitration clause]). Here, the reasonable dispute as to the effect of the language in the note, plaintiff asserting that it amended the broad arbitration agreement and defendant arguing that the questioned language merely established venue if neither party requested arbitration, must be resolved by the arbitrators (see, Matter of Schlaifer v Sedlow, supra, at 185; Matter of Morgan Guar. Trust Co. v Wasserman, 10 AD2d 278, 282). Accordingly, Supreme Court's order should be affirmed.

Order affirmed, with costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.