OPINION OF THE COURT
Harold Tompkins, J.
The underlying dispute in this case is a claim that Todd E. Leake, a former broker with Merrill Lynch, left with custom *104 ers and trade secrets for a competitor, Prudential Securities.[1] Petitioner has brought this application to compel respondent Merrill Lynch to proceed to arbitration pursuant to an arbitration clause in his employment agreement with Merrill Lynch in an expeditious manner and to enjoin Merrill Lynch from commencing or prosecuting claims in this regard in any other forum.
Petitioner has sought arbitration before the National Association of Securities Dealers (NASD) pursuant to his employment agreement with Merrill Lynch. A copy of the demand for arbitration is annexed to the petition. At oral argument, respondent Merrill Lynch stated that it had no objection to arbitration before the NASD. It objects to the provision enjoining it from commencing any other actions since it seeks to commence an action in the United States District Court in Lubbock, Texas, to enjoin petitioner Leake from soliciting its customers. Petitioner is a broker in Lubbock, Texas. The estimate of gross commissions produced is $750,000. Both parties agree that petitioner’s employment agreement provides for arbitration before the NASD. The dispute between them involves the interpretation and enforceability of the nonsolicitation clause of the employment agreement. The application is brought pursuant to both the Federal Arbitration Act (9 USC § 1 et seq.) and CPLR 7501 et seq. Both the Federal statute (see, Perry v Thomas, 482 US 483 [1987]; Southland Corp. v Keating, 465 US 1 [1984]), and New York law (see, Singer v Jeffries & Co., 78 NY2d 76 [1991]; Rio Algom v Sammi Steel Co., 168 AD2d 250 [1st Dept 1990], lv denied 78 NY2d 853), have a strong public policy favoring arbitration as a means of resolving disputes. Both the Federal statute (9 USC § 3) and CPLR 7502 provide authority for the court to *105 enjoin proceedings in and of enforcement of arbitration (see, Matter of Tarpon Cove [Woodrow Blitman Prop. Corp.], 105 AD2d 656 [1st Dept 1984]).
An injunction to prevent multiple lawsuits serves the purpose of preventing unnecessary duplicative lawsuits and potentially conflicting decisions in different jurisdictions. A final decision is entitled to full faith and credit pursuant to US Constitution, article IV, § 1 and conflicting determinations in different forums should therefore be avoided.[2]
Respondent Merrill Lynch asserts that the State lacks authority to enjoin prosecution of a Federal court action (see, General Atomic Co. v Felter, 434 US 12 [1977]; Donovan v City of Dallas, 377 US 408 [1964]).
However, in enforcing the Federal Arbitration Act under 9 USC § 3, State courts have concurrent jurisdiction and therefore the same authority to stay actions in Federal court (see, Moses H. Cone Hosp. v Mercury Constr. Corp., 460 US 1, 26, n 34 [1983]). The same considerations of avoiding multiple litigation and potential conflicting decisions apply to State courts enforcing Federal law. This court concludes it has the authority under 9 USC § 3 to enjoin proceedings in other forums, State or Federal, to avoid multiple actions and petitioner’s motion for an injunction is granted.
It is well settled that once the court determines that arbitration is applicable, the judicial inquiry is at an end (see, Matter of Silverman [Benmor Coats], 61 NY2d 299 [1984]; Hutchins v Paine Webber, 148 AD2d 871 [3d Dept 1989]). The interpretation of the nonsolicitation clause and determination of whether it was breached and the appropriate remedy are matters for the arbitrators (see, Matter of Town of Callicoon [Civil Serv. Empls. Assn.], 70 NY2d 907 [1987]; Matter of Frank v McKenna Dev. Group, 154 AD2d 674 [2d Dept 1989]).
The parties are directed to proceed to arbitration.[3] Petitioner’s motion to enjoin Merrill Lynch from commencing or prosecuting any actions in another forum is granted.

. The court notes that the respective parties have annexed numerous decisions from approximately 20 other Justices in New York County on claims involving former employees of major brokerage houses who have moved to other firms and who are involved in NASD arbitration. The various decisions are conflicting with regard to the right to enjoin other pending or prospective litigation. The court ascertained that an unpublished administrative order has been issued by the Administrative Judge, New York County, that proceedings to stay or compel arbitration involving brokerage firms and customers are to be assigned to Justice Jane Solomon. The reason for centralizing the assignment of these matters is efficiency and the avoidance of conflicting decisions. However, cases seeking to stay or compel arbitration involving brokerage firms and employees or former employees are apparently still randomly assigned among the Justices in New York County.

. At oral argument, the court inquired as to the failure to include a forum selection clause in the employment agreement. Respondent Merrill Lynch advised that a forum selection clause was included in new agreements. However, this provision should not be retroactively binding.

. The court declines to direct expeditious arbitration. The NASD will determine in accordance with its own rules and procedures the appropriate time schedule for arbitration.