OPINION OF THE COURT
Jane S. Solomon, J.
Petitioner Paul W. Davis (Davis) moves to compel "expedited arbitration” before the National Association of Securities Dealers, Inc. (NASD) of a dispute arising out of his employment with respondent Merrill Lynch, Pierce, Fenner & Smith, Inc. (Merrill Lynch) and to enjoin Merrill Lynch from initiating litigation related to the dispute in any other forum.[1] Merrill Lynch cross-moves to dismiss on the grounds that the parties’ agreement does not provide for expedited arbitration and that the injunction Davis seeks is prohibited. For the reasons set forth below, Davis’ motion is denied and Merrill Lynch’s cross motion is granted.
This dispute arose when Davis,[2] then an account executive with Merrill Lynch, left that firm for a competitor, PaineWebber Incorporated (PaineWebber), on February 25, 1994, taking with him customers and customer lists. It is unclear from the record whether Davis signed any agreement which prohibited him from taking customers or information to another firm. Nonetheless, Davis, fearing that Merrill Lynch would seek to enjoin him from using its information and soliciting its customers while at PaineWebber, preempted such an action, by bringing this proceeding on March 1, 1994 and, one day earlier, commencing an arbitration before the NASD seeking a declaration that he is not liable to Merrill Lynch as the result of his leaving its employment for PaineWebber.
The parties agree that Davis’ employment agreement, a *483 Uniform Application for Securities Industry Registration or Transfer (a U-4 Form), provides for arbitration before the NASD, and Merrill Lynch, by counsel, asserts that it will arbitrate promptly the merits of the dispute in that forum. Moreover, contrary to Davis’ submission, the court’s jurisdiction over the parties herein and the propriety of venue in this county are not disputed. Instead, Merrill Lynch challenges the court’s authority to restrain it from seeking an injunction in the Federal District Court in New Jersey to prevent Davis from soliciting its customers and using its information pending the outcome of arbitration. (See, General Atomic Co. v Felter, 434 US 12 [1977]; Donovan v City of Dallas, 377 US 408 [1964].) It also argues that a preliminary injunction to maintain the status quo is not inconsistent with the parties’ obligation to arbitrate because such relief preserves the meaningfulness of arbitration. (See, e.g., Merrill Lynch, Pierce, Fenner & Smith v Bradley, 756 F2d 1048 [4th Cir 1984]; Janmort Leasing v Econo-Car Intl., 475 F Supp 1282 [ED NY 1979].)
In response, Davis argues that Merrill Lynch waived its right to bring an action in Federal court when it agreed to arbitrate. Davis also cites New York appellate authorities which enjoin a party from commencing or pursuing Federal proceedings or actions based on its agreement to arbitrate. (Matter of Wolff Co. v Tulkoff, 9 NY2d 356 [1961]; City Trade & Indus. v New Cent. Jute Mills Co., 25 NY2d 49 [1969]; Lowenstein & Sons v Mr. Condotti, Ltd., 61 AD2d 752 [1st Dept 1978].) He submits two recent decisions in which Justices of this court enjoined brokerage houses from bringing a Federal action under similar circumstances as here. (Leake v Merrill Lynch, Pierce, Fenner & Smith, 161 Misc 2d 103 [Sup Ct, NY County, Tompkins, J.]; Albert v Gibraltar Sec. Co., Sup Ct, NY County, April 14, 1994, Goodman, J., index No. 106698/94.)
The Federal Arbitration Act (FAA) (9 USC §§ 1-14) establishes a "federal policy favoring arbitration.” (Moses H. Cone Mem. Hosp. v Mercury Constr. Corp., 460 US 1, 24 [1983].) In proceedings concerning an arbitration agreement, in this case a U-4 Form, evidencing " 'a transaction involving commerce’ ” under 9 USC § 2, the FAA governs and supplants inconsistent State law. (Singer v Jeffries & Co., 78 NY2d 76, 81 [1991].) The FAA is enforceable in State court (Flanagan v Prudential-Bache Sec., 67 NY2d 500, 506, cert denied 479 US 931 [1986]) and requires that "any doubts concerning the scope of arbitrable issues should be resolved in favor of *484 arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.” (Moses H. Cone Mem. Hosp. v Mercury Constr. Corp., supra, at 24-25.)
Despite the FAA’s policy favoring arbitration, and the views of several of my colleagues, I find that this court cannot prevent Merrill Lynch from bringing a Federal action in light of General Atomic, which holds that a State court may not interfere with an in personam Federal action "regardless of whether [such] federal litigation is pending or prospective.” (434 US, supra, at 17.) The only appellate authority cited by Davis to support its argument that this court may stay a party from commencing or continuing a Federal court action in aid of arbitration, as decided after General Atomic, is Lowenstein & Sons (61 AD2d 752, supra). That decision did not take the Supreme Court precedent into account and cannot bind this court in light of the rule set forth in General Atomic. (See, Fletcher v Kidder, Peabody & Co., 81 NY2d 623, 631-632, cert denied — US —, 114 S Ct 554 [1993] ["While adherence to State precedent may be justified in the absence of clear guidance from the Supreme Court * * * we are bound to follow both the holding and the rationale of the Nation’s highest Court on * * * questions of Federal law when * * * there is no ambiguity in the Court’s position”] [citations omitted].)
The stay provision of the FAA (9 USC § 3) does not give this court authority to enjoin a party from seeking relief in Federal court. Instead, the language of section 3 of the FAA only permits this court[3] to stay an action pending before it and not a future action in another court. It provides in part: "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had” (emphasis supplied).
Also, injunctive relief to prevent a former employee of a *485 brokerage house from using a firm’s customer records and soliciting its clients pending the outcome of arbitration may be properly sought in Federal and State courts. (See, e.g., Blumenthal v Merrill Lynch, Pierce, Fenner & Smith, 910 F2d 1049, 1053 [2d Cir 1990] ["the pro-arbitration policies * * * are furthered, not weakened, by a rule permitting a district court to preserve the meaningfulness of the arbitration through a preliminary injunction”]; Merrill Lynch, Pierce, Fenner & Smith v Bradley, 756 F2d 1048, 1052, supra [section 3 of the FAA "does not preclude a district court from granting one party a preliminary injunction to preserve the status quo pending arbitration”]; CPLR 7502 [c] [permitting this court to "entertain an application for an order * * * for a preliminary injunction in connection with an arbitrable controversy, but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief’].)
New York courts tend not to grant injunctive relief under the circumstances here, finding that the matter is for the arbitrator and that the parties, by agreeing to arbitrate, have waived the right to seek relief in other forums. (See, e.g., Smith v IDS Fin. Servs., Sup Ct, NY County, Feb. 15, 1994, Lebedeff, J., index No. 103520/94; Zimmerman v Gibralter Sec., Sup Ct, NY County, Dec. 1, 1993, Greenfield, J., index No. 127294/93.) However, Merrill Lynch, probably assessing New York precedent on the matter, has not sought an injunction here against Davis to prevent his conduct at PaineWebber and this court cannot restrain it from pursuing this relief in the Federal District Court of New Jersey. And, if that court finds that Merrill Lynch’s application for an injunction there constitutes duplicative or vexatious litigation, it is "fully capable of preventing [its] misuse.” (General Atomic Co. v Felter, 434 US, supra, at 19.)
Davis also seeks to compel expedited arbitration pursuant to CPLR 7506 (b). In opposition, Merrill Lynch argues that such relief is contrary to the parties’ agreement to arbitrate pursuant the NASD’s rules. Because Merrill Lynch has agreed to arbitrate the dispute promptly and the NASD arbitration, which was commenced about five months ago, is presumably proceeding, Davis’ motion to compel expedited arbitration is denied as moot. However, in the event Merrill Lynch conducts itself in a dilatory manner before the NASD, Davis may reapply to this court for relief.
*486 For the reasons set forth above, petitioner’s motion to compel expedited arbitration is denied and respondent’s cross motion to dismiss the petition is granted. Accordingly, the temporary restraining order is vacated.

. The court temporarily granted this relief.

. Davis, a New Jersey resident, worked out of Merrill Lynch’s Short Hills, New Jersey office and his new position with PaineWebber is also in New Jersey.

. The United States Supreme Court in Moses H. Cone found that the State courts have the authority, and are obligated, to enforce section 3 of the FAA. (460 US, supra, at 26, n 34.) However, the Court also indicated that a State court cannot enjoin a Federal action. (Moses H. Cone Mem. Hosp. v Mercury Constr. Corp., 460 US, supra, at 21, n 24.)